## Black Mountain Corporation v. Seward et al.

(Decided Nov. 1, 1938.)

B. M. LEE for appellant.

JOHN L. WILLIAMS for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
'Affirming.

The Black Mountain Corporation is appealing from a judgment of the Harlan circuit court affirming a judgment and award of the Workmen's Compensation Board of Kentucky, finding that H. C. Seward sustained total and permanent disability from accidental injuries which arose out of and in the course of his employment by appellant and awarding him the sum of $13.49 per week for 416 weeks from and after February 20, 1935, less one week waiting period with interest on unpaid installments subject to a credit of $124.81 already paid and the further sum not to exceed $100 for medical expenses. Appellee's claim was based on injuries sustained when he was struck by falling slate. It is admitted that the parties had elected to and were operating under the Compensation Act (Kentucky Statutes, section 4880 et seq.). The evidence shows conclusively and it is not denied that at the time of the hearing appellee was totally and permanently disabled. The principal controversy is whether such disability was caused by the injuries claimed to have been sustained by appellee or by disease independent of and not caused by such

injuries. Appellee testified that on February 20, 1935, while he was taking down slate in appellant's mine at Kenvir, Kentucky, a very large and heavy piece of slate fell striking him on the back and knocking him forward so that he fell across a crow bar, one end of which was resting on a pile of coal and the other on the floor of the mine. In this he is corroborated by other miners who were working a short distance from him. He was rendered unconscious and was carried from the mine where he received first aid from employees in the mine. He was then taken to a hospital where he remained for about eleven days. He testified that prior to receiving this injury he was able-bodied and worked regularly except that in August, 1934, he was in an automobile accident and sustained injuries including two broken ribs; that he entirely recovered from that injury and was able to and did work continuously after his recovery and until he was struck by the falling slate. In this he was corroborated by both doctors and laymen who knew and associated with him. Since he sustained the injuries in the mine he was unable to do any work at all.

Physicians who were called by appellee testified concerning their examination and treatment of him gave as their opinion from the history of his case and his condition that his disability was due to the injuries he received in the mine. One of the physicians who testified in his behalf both before and after physicians for appellant testified stated that from his examination of appellee and from the history of the case he had always been of the opinion that appellee's condition was caused by the injuries sustained in the mine and that after seeing X-ray pictures he was more convinced than ever of that fact. Physicians called by appellant testified that they had made X-ray pictures of appellee's stomach and spine; that they found no evidence of broken or fractured bones or of traumatic injuries. However, these pictures were made a long while after appellee sustained the injuries. They testified among other things that appellee was suffering from ptosis or fallen stomach. The doctors who made the X-ray pictures and three eminent physicians in Louisville who examined the pictures testified that they had never known of such a condition of the stomach being caused by traumatic injury and one or two of them gave as their opinion that it could not have been so caused. Others stated

that they did not know and some said that it might have been caused by the injuries claimed to have been sustained by appellee.

It is argued by appellant that the burden of proof was on appellee to establish that he sustained accidental injuries in the course of and arising out of his employment and that the disability from which he claims compensation resulted from injuries and not from disease, unless the disease was the natural and direct result of traumatic injury. However, we find upon careful reading of the brief for appellant that it goes rather to the weight of evidence and the credibility of the witnesses. It has been pointed out by this court in a number of opinions that it is not a function of the appellate court to retry compensation cases and determine for itself how, under the evidence, the case should be decided, but the sole province of the court in such cases is to determine whether there was any evidence of probative value to sustain the award made by the board.

From our recital it will be seen that there is competent evidence of probative and very persuasive character to sustain the board's finding that appellee's disability was the direct result of traumatic injury. Doctors introduced by appellee and other witnesses testified positively that prior to the injuries appellant was strong, vigorous, able to and did work continuously and that since that time he was not able to work at all.

It is claimed by appellant that this case resembles in its essential features the case of Hale et al. v. State Highway Commission, 262 Ky. 753, 91 S. W. (2d) 23, but in that case it was claimed by the widow of the deceased employee that he died of injuries to his neck sustained while in the course of his employment by the highway commission. However, physicians testified positively that he died of Hodgkins disease and that there was no connection between the disease of which he died and the injuries he claimed to have sustained. The compensation board so found and on appeal this court held that there was competent evidence of a probative and substantial character to sustain the board's finding and therefore the court, notwithstanding evidence pointing the other way, was not at liberty to substitute its judgment for that of the board. The Hale Case relied on by appellant and other cases therein cited adhere to the general and prevailing doctrine that courts are not author-

ized to disturb the award of the compensation board when, as will be seen in this instance, it is sustained by such substantial competent evidence.

Appellant argues that if the accident sustained by appellee in the mine could have resulted in the condition of his stomach as testified to by the physicians, it might have also been caused by the automobile accident he previously had, but that is mere speculation with little support in evidence, while there is positive evidence that he recovered from the injuries sustained in the automobile accident and was continuously able to perform labor in the mines until he was struck by the falling slate and since has been wholly incapacitated. It is further argued that an itemized statement of appellee's earnings introduced in evidence showing the days he worked and the days the mine was in operation conclusively shows that there was a let down in his ability to work after August 3, 1934, when he was injured in the automobile accident but there is a conflict in evidence on that question because appellee himself and others testified that he worked continuously when the mines were in operation.

Finally, it is argued that the allowance of $100 for medical services was erroneous because there was no claim for medical services and no proof that appellee had paid for any. The evidence shows that after appellee left appellant's hospital about eleven days after the accident he was under the treatment of physicians who were not employed by appellant. Under section 4883 of the Statutes it is the duty of the compensation board to allow such expenses not exceeding $100. In Fame Armstrong Company v. Brooks, 226 Ky. 22, 10 S. W. (2d) 478, it is said [page 480]:

> "The board should not make an allowance under section 4883 unless there is testimony that the injured employee has incurred expenses for the purposes therein mentioned, but this does not mean that the injured employee must have actually paid the expenses so incurred. The testimony before the board does not show that appellee had actually incurred medical expenses in connection with her injury, but there was some evidence from which this fact may have been inferred."

See, also, Black Mountain Corporation v. Stewart

et al., 272 Ky. 140, 113 S. W. (2d) 1141; Consolidation Coal Company's Receivers v. Patrick, 254 Ky. 671, 72 S. W. (2d) 51. These authorities clearly indicate want of merit in this contention.

Judgment affirmed.