## Inland Steel Co. et al. v. Newsome.

Feb. 9, 1940

J. Woodford Howard and W. P. Mayo for appellants.

J. D. Bond and Oscar P. Bond for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

This is an appeal granted by the Clerk of this Court from an order of the Floyd Circuit Court remanding the action to the Workmen's Compensation Board, "with directions to consider the testimony of the witnesses taken by depositions at Wheelwright Junction, which testimony has heretofore been stricken by said Board, and for such other and further preparation of said cause by deposition, hearings by the Board or otherwise, not inconsistent with this judgment, if, in the opinion of the Board, further preparation is necessary to a proper adjudication of this cause."

The preceding paragraph of the order appealed from recited that the Court had read the record and was of the opinion that the Board had erred "in requiring plaintiff to present certain testimony before the Referee by certain witnesses at a hearing held in the City of Prestonsburg, which was and is a distance of more than twenty miles from the residence of said witnesses and further erred in striking from the record the testimony of such witnesses taken by the plaintiff by depositions, pursuant to the Civil Code of Practice."

In another paragraph the order recited that the Board had further erred in failing to properly separate its findings of fact and rulings of law. The finding of the Board from which an appeal was taken to the Circuit Court followed an extensive opinion by its chairman, and read as follows:

"Fred Newsome was in the employ of the defendant Company; both the deceased and the defendant were operating under the Workmen's Compensation Act and Fred Newsome earned enough per week to entitle his dependents to a maximum award for his death, which occurred August 2, 1936. Plaintiff

and Fred Newsome were married at Charleston, West Virginia, in 1926 and lived together as man and wife at the time of his death, and she would be entitled to all compensation for his death. Newsome did not die by reason of traumatic injury received in the due course of his employment."

It is urged by appellants that in view of the requirements of Section 4933, Kentucky Statutes, that the Board or its members shall hear the parties at issue and their representatives and witnesses and determine the dispute in a summary manner, and the provisions of Section 4930, Kentucky Statutes, relative to the subpoenaing of witnesses and the power of the Board to make rules for the carrying out of the provisions of the Act, the Board had full power to prohibit the taking of proof by depositions and to require that the witnesses give their testimony before a referee at a place designated by the Board irrespective of the provisions of Section 534 of the Civil Code of Practice exempting witnesses from attendance for examination upon the trial of a civil action if they reside more than 20 miles from the place where the court sits. Appellants' major contentions, however, are that since the witnesses, with few exceptions, whose depositions the Board refused to consider, later appeared and were heard by the Referee, the error, if any, committed by the Board in refusing to consider the previously given depositions was harmless; that since the Board denied an award to the appellee on the sole ground that her husband did not die as the result of a traumatic injury, no ruling of law by the Board was necessary; and that since the voluminous testimony heard by the Board supported its finding of fact, the Circuit Court erred in remanding the case to the Board instead of deciding it on the record presented.

While we are of the opinion that the provisions of Section 534 of the Civil Code of Practice apply to proceedings under the Workmen's Compensation Act (Kentucky Statutes, Section 4880 et seq.), and that a witness cannot be compelled to attend a hearing held more than 20 miles from the place of his residence, unless his personal attendance is ordered by the Board under the provisions of Section 556, Civil Code of Practice, we nevertheless agree with appellant that the error of the Board in refusing to consider the depositions previous-

ly given in this action was, under the circumstances existing, harmless and that the Court should not have remanded the case to the Board with directions to consider the depositions referred to.

We are also of the opinion that the Court erred in remanding the case to the Board for the purpose of separating its rulings of law and findings of fact, since the finding of the Board that the deceased did not die by reason of traumatic injury received in the course of his employment rendered unnecessary any ruling of law.

The appellee has moved to dismiss this appeal on the ground that the order of Court remanding the case to the Board was not a final order, and in support of its motion relies principally upon the opinion of this Court in the case of Green River Fuel Company v. Sutton et al., 260 Ky. 288, 84 S. W. (2d) 79, in which the court held that an order of the Circuit Court remanding a case to the Board for the purpose of separating the rulings of law and findings of fact was not a final order. However, in the case of Searcy v. Three Point Coal Company, 280 Ky. 683, 134 S. W. (2d) 228, this Court explained the Sutton case and held that where the order of remand conferred upon the Board the power to make a different award from that appealed from, the party in whose favor the Board had found was thereby deprived of a vested right. Since the order of remand in the case at bar, by directing the Board to consider the depositions referred to and to hear further proof if it deemed it necessary so to do, impliedly conferred upon the Board the power to make an award in favor of the appellee and thus deprive the appellant of a vested right, this Court is of the opinion that the order of the Circuit Court was a final and appealable order. Hence, appellee's motion to dismiss the appeal is overruled.

The sole evidence that Fred Newsome received an injury which caused his death, aside from the testimony of Dr. B. F. Wright who examined Newsome's heart and the vessels and arteries surrounding it after the body had been embalmed, consisted of the testimony of several witnesses that they saw bruises on Newsome's body after his death, and the testimony of others that on leaving appellants' mine on the morning of the day of his death, Newsome had stated to them that while "slewing track" he had been struck in the chest by a

steel bar used in the operation. Passing the question of the competency of this testimony, it is more than offset by the testimony of numerous witnesses who were working with or near Newsome on the morning in question that they did not see him injured or hear him complain of injury, and by the testimony of the Company's physician and nurse to whose office he was taken on leaving the mines. Furthermore, he failed to indicate on his card that he had received an injury, although he did record the time he left the mine, and had been instructed, as had all the employees, to indicate on the card by means of a punch whether he had sustained an injury. It is also shown that he had been drinking heavily for several days prior to his death and had been incapacitated for work during that period. The cause of his death was a rupture of the pulmonary artery, and while Dr. Wright testified that such a rupture could have been caused by a blow on the chest, after receiving which Newsome might have lived for an hour or more, the physicians introduced by appellant testified that any blow on the chest, sufficient to cause a rupture of the pulmonary artery, would have left on the chest indisputable evidence of traumatic injury, and would have caused death within a few minutes. Neither the Company's doctor nor its nurse saw any evidence of traumatic injury; and while Dr. Wright found bruises on the chest, this was on the day after the body had been embalmed at an undertaking establishment to which it had been conveyed over a country road. Moreover, several witnesses for the appellant testified that in embalming a body, the arteries around the heart are frequently pierced by embalming instruments.

It must be borne in mind that neither this Court nor the Circuit Court was authorized to determine the weight of the testimony. So far as questions of fact are concerned, the sole function of the Courts in workmen's compensation cases is to ascertain whether the record discloses any competent evidence of probative value which supports the fact findings of the Board. So well settled is this principle that it is unnecessary to cite the numerous decisions of this Court sustaining it. In the present case, the testimony amply supported the finding of the Board that Newsome did not die of traumatic injury received during the course of his employment, and hence, it would be but a waste of time for us to further

pursue the inquiry or to express any opinion as to the merits of the controversy.

The judgment appealed from is reversed, with directions to dismiss the petition and affirm the finding of the Workmen's Compensation Board.

Whole Court sitting.