## Hardwood Sales Co. v. Meeks et al.

May 13, 1941.

A. F. Childers for appellant.

Sidney Trivette and W. W. Barrett for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

The appellee claims to have been injured on November 19, 1936, while in the employ of appellant. He averred in the petition that while he was helping his woods foreman turn a log with a canthook the foreman suddenly released his hold on the log and allowed it to roll over him, in consequence of which he sustained injuries to his back.

The case was heard by the Compensation Board and award was made to appellee on the basis of 15 percent partial permanent disability. From this award appellant appealed to the circuit court which upheld the award, from which judgment this appeal has been prosecuted.

Appellant contends that the judgment should be reversed because (1) There is not sufficient evidence to sustain the finding that the injuries occurred to appellee while in the employ of appellant; (2) there is not sufficient evidence to support the finding of the board and the circuit court that the injuries sustained are permanent.

Appellee testified that the accident occurred in the

manner averred in the petition and that continuously since the time of the injury he has been required to use medicants and liniments to ease the pain in his back, and that continuously throughout that time he has been unable to work although before the accident he was a strong, able-bodied young man, capable of performing more work than the average person in his line of endeavor. He was corroborated as to the occurrence of the accident by the witness, Frank Gibson, who was "working above" the appellee when the accident occurred. Several witnesses testified that they were well acquainted with Meeks and that commencing immediately after the accident and continuously since that time, they had had an opportunity to observe him; that he was confined to his bed a great deal of the time; that he constantly applied liniments and medicants to his back and appeared to be in great pain. Three doctors testified that they had examined him at various times since the accident and before the trial and while they found no objective symptoms of injury there was apparent tenderness in the region of the back. One of the doctors testified that it was extremely difficult to diagnose an injury to the back without taking subjective symptoms into consideration. Dr. W. C. Gose testified that taking the history of the case, as related by appellee, to be true, and, taking into consideration his own examination of the patient, he was of the opinion that the percentage of disability to the body as a whole was 15 percent.

The evidence for appellant was to the effect that the accident did not occur and it introduced its woods foreman who testified to that effect. In addition to that evidence it introduced many witnesses who testified that they had, at various times from the date of the alleged injury, observed appellee coon and squirrel hunting. The evidence further shows that appellee continued to work for appellant at intermittent times for approximately 7 weeks after the accident. In that period of time he worked 12 days.

Where there is no claim of fraud, it is well settled that the findings of fact by the Compensation Board are conclusive unless there is an entire absence of evidence to support them. Furnace Coal Mining Company v. Carroll, 212 Ky. 1, 278 S. W. 171, and cases therein cited. The credibility of the witnesses is to be determined by the board and we have held that evidence of

the claimant alone, although contradicted by surgical evidence, is sufficient to support an award by the board. Mary Helen Coal Company v. Hensley, 237 Ky. 348, 25 S. W. (2d) 533.

Complaint is made that some of the corroborating evidence was hearsay and the admission of such evidence was prejudicial. Whilst it is true that some of the evidence was of this character, there was sufficient evidence, excluding the hearsay evidence, to sustain the findings of the board. The rule is that hearsay evidence is not prejudicial if there is sufficient competent testimony to sustain the award. Consolidated Coal Co. v. Ratliff, 217 Ky. 103, 288 S. W. 1057; Valentine v. Weaver, 191 Ky. 37, 228 S. W. 1036.

Appellant further insists that the fact that appellee went coon hunting and actually worked at intermittent times for 7 weeks after the injury is conclusive proof that the injury did not occur and seeks to invoke the rule that evidence of alleged facts, inherently impossible and absolutely at variance with well-established and universally recognized physical, mechanical and scientific laws, is not evidence of sufficient probative value to justify the finding of the board. We are in thorough accord with that rule but believe it has no application to this case. Many men continue to work or attempt to work who are disabled in excess of 15 percent and appellee's explanation of his activities in respect to his coon hunting are reconcilable with the injuries he alleges he sustained.

The evidence as to the permanency of the injury is weak but under the rules cited above, we think sufficient to sustain the award. No witness testified directly that the injuries were permanent but Dr. Gose testified that between his first examination, which was shortly after the accident, and his second examination, which was "sometime after that" appellee had lost about 25 pounds. Appellee testified that he had lost considerable weight and although the trial occurred approximately 2 years 3 months after the date of the injuries he was still underweight and his condition had not improved. In addition to this and in response to a question by the attorney for appellant, Dr. Walters testified that the usual length of time for recovery of a wrenched back was from 10 days to 6 weeks and that it would take a very severe wrench to last as long as 5 to 6 weeks.

504 

Since the uncontradicted medical evidence shows that it would take a severe injury to the back to last as long as 5 or 6 weeks, and the testimony of claimant, corroborated by others, shows that although 2 years and 3 months had transpired since the accident, he is still unable to work, and continues to suffer therefrom, it is within reason to infer that the injuries are permanent. Louisville Ry. Co. v. Casey, 71 S. W. 876, 24 Ky. Law Rep. 1527; Owensboro City R. Co. v. Robertson, 104 S. W. 707, 31 Ky. Law Rep. 1047.

Since the board's finding was supported by some evidence of probative nature it must be upheld. Furnace Coal Mining Co. v. Carroll, supra.

Wherefore the judgment is affirmed.