## Coburn v. Eastern Coal Corporation et al.

May 19, 1942.

G. R. Blackburn for appellant.

Clyde R. Levi and William B. Arthur for appellees.

Opinion of the Court by Judge Cammack—Affirming.

The appellant, Lonnie Coburn, was injured while working for the appellee, Eastern Coal Corporation, in November, 1936. He was struck on the chin by an iron brake lever. The injury was first thought to be superficial, but several days after the accident Coburn was forced to enter a hospital for treatment. An X-ray picture showed that there was a fracture of the jawbone near the left side of his chin. It was necessary to remove parts of the bone. The appellant was awarded maximum compensation for temporary total disability, and also $1.80 per week for 325 weeks for 15 per cent permanent partial disability. Coburn's permanent partial disability was adjudged to be 30 per cent, but one-half of this

was found by the Board to be due to a previous injury sustained in a fight. Taking the position that there was no evidence to sustain the Board's finding that one-half of his permanent disability was the result of the fight, and that he had not been awarded sufficient compensation for temporary total disability, Coburn appealed from the full Board decision which was based upon the finding of the referee. The Pike Circuit Court found for Coburn on the question of an increase in the amount of compensation for temporary total disability, but affirmed the Board's finding on the previous injury phase of the case. The only question involved here is whether Coburn is entitled to compensation for 30 per cent or 15 per cent permanent partial disability.

It is insisted that there was no evidence to support the Board's finding that one-half of Coburn's permanent partial disability resulted from the fight. We have frequently held that, if there is any evidence of a substantial nature and of probative value to support the finding of the Workmen's Compensation Board, it will not be disturbed. Horn Transfer Line v. Reed, 287 Ky. 536, 154 S. W. (2d) 344; Hardwood Sales Co. v. Meeks, 286 Ky. 500, 151 S. W. (2d) 406. In the case at bar the Board had before it the evidence of three physicians who testified for the Corporation that Coburn's disability ranged from 15 to 25 per cent, and that one-half of his disability was the result of the injury he received in the fight. There was testimony also that the fracture shown by the X-ray picture was an old one. There was evidence for Coburn to the effect that the fracture was near, or at, the place where he was struck by the lever; that he suffered no disability or ill effects from the blow he received in the fight some six months before his injury; and that the blow he received in the fight was under his ear and not near the chin where the lever struck him. There was also testimony for Coburn that his disability amounted to 50 per cent and that all of it resulted from the injury caused by the blow from the lever. We have examined carefully the testimony as to the nature and extent of Coburn's disability and are convinced that there was ample evidence to uphold the finding of the Board. To hold otherwise would require that we ignore the testimony of the Company doctors. This we are not disposed to do.

Judgment affirmed.