# H.. H. Waegner & Co. v. Moock et al.

November 1, 1946.

Davis, Boehl, Viser & Marcus for appellant.

Edrington & Redmon for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming in part, reversing in part.

' Walter Moock filed his application with the Workmen's Compensation Board, hereafter referred to as the Board, for total permanent disability which he claimed to have suffered in an accident on August 31, 1943, by falling down some steps while painting a stairway. The only issue before the Board was one of fact as to whether the claimant had sustained a disability as a result of the accident, and the extent thereof.

The Board found against the claimant, Moock, dismissed his application and he petitioned the circuit

court to review that finding. This appeal is prosecuted from the judgment of the Jefferson Circuit Court wherein it ordered ''that a judgment be entered setting aside the findings of said Board and the case is remanded back to the Compensation Board with instructions to enter an award in accord with the facts and the evidence in the record herein.''

It is insisted by appellant that there was competent evidence of probative value in the record to support the Board's finding, and that in the absence of fraud or mistake such a finding will not be disturbed by the courts. While appellee contends that the Board made no finding of fact or ruling of law as is required by KRS 342.275, the circuit court properly remanded the case to the Board for this to be done.

It is provided in KRS 342.275 that after the hearing the Board, or any of its members, shall make an award which, together with a statement of findings of fact, rulings of law and any other matters pertaining to the question at issue, shall be filed with the record of the proceedings, and a copy of the award shall immediately be sent to the parties in dispute. The pertinent part of the ''opinion and award'' made by the Board in the instant case reads:

''The alleged trauma, occurring on the second day after employment started, and plaintiff's refusal to permit testimony of his former physical condition, and also at least two former recent claims before this Board, at least, casts such cloud on the plaintiff's claim of injury, as to definitely require convincing proof, of injury, which Referee thinks has not been done in this case.

''Therefore, it is ordered, that this case, be, and the same is now dismissed by the Board, this November 20, 1945.''

Appellant argues that this order of the Board in effect contained a separate finding of fact and a ruling of law, and had the Board listed that part of its order which recites that there was no convincing proof of injury under the formal heading ''Finding of Fact,'' and then put that part which dismissed the claim under the heading ''Ruling of Law,'' the requirement of KRS 342.275 would have been met. Appellee contends that the Board failed to separate its finding of fact from its ruling of

224

law as required by the statute, and that under Yeager v. Mengel Co., 242 Ky. 543, 46 S. W. 2d 1076, the court properly remanded the case to the Board.

The order of the Board reviewed in the Yeager case is practically the same as the one made by the Board in the instant case, both reciting that the claimant had failed to establish by convincing proof that the injury was the result of an accident. In Consolidation Coal Co. v. Fields, 243 Ky. 488, 49 S. W. 2d 330, it is recited that such an order does not comply with the statute, and among other authorities cited in support of that ruling is the Yeager opinion.

The circuit court was correct in remanding the case to the Board, but the order went too far when it instructed the Board "to enter an award in accord with the facts and the evidence in the record." As was said in Tackett v. Eastern Coal Corp., 295 Ky. 422, 174 S. W. 2d 707, in quoting from Inland Steel Co. v. Newsome, 281 Ky. 681, 136 S. W. 2d 1077, that in a compensation case the sole function of courts, so far as questions of fact are concerned, is to determine whether or not the record contains any competent evidence of probative value upon which the findings of fact of the Board may be supported, and neither the circuit court, nor this one, is authorized to determine the weight to be given the evidence. The circuit court here should only have remanded the case to the Board to separate its findings of fact and rulings of law, and to hear the testimony of Dr. Franklin Jelsma, as will be seen in the subsequent paragraphs.

It is provided in KRS 342.285, that in the absence of fraud or misconduct no new or additional evidence may be introduced in the circuit court, but it shall hear the cause upon the record certified by the Board. However, that section expressly authorizes the circuit court to remand the case for further proceedings, and such procedure has been sustained by us in Black Mountain Corp. v. Humphrey, 211 Ky. 533, 277 S. W. 833; Broadway & Fourth Ave. Realty Co. v. Metcalfe, 230 Ky. 800, 20 S. W. 2d 988; Louisville Gas & Electric Co. v. Duncan, 235 Ky. 613, 31 S. W. 2d 915. It was pointed out in the Metcalfe opinion that as the circuit court could not hear additional evidence, a great injustice might occur if the Board were not authorized to hear additional evidence or to amplify its findings.

Dr. Jelsma had examined claimant, but when the latter refused to consent for the Doctor to testify, he declined to do so and a motion was sustained by the Board to require him to testify. However, the Doctor still refused to testify, thinking that he was not amply protected by the Board's order.

The Board was correct in ordering Dr. Jelsma to testify since sec. 606, subsec. 4, of the Civil Code of Practice only excepts attorneys, clergymen and priests from testifying concerning professional confidences, without the consent of their clients or parishioners, and does not apply to communications between physicians or surgeons and patients. At common law neither the physician and surgeon nor the patient is exempt from testifying as to communications between themselves. 28 R. C. L. sec. 121, p. 532; 70 C. J. sec. 234, p. 178; Louisville & N. R. Co. v. Crockett's Adm'x, 232 Ky. 726, 24 S. W. 2d 580, 583; Boyd v. Wynn, 286 Ky. 173, 150 S. W. 2d 648, 650; Williams v. Tarter, 286 Ky. 717, 151 S. W. 2d 783, 787. Dr. Jelsma is a competent witness concerning any and all facts he may have learned as to claimant's physical condition while treating him privately or while examining him as to this particular injury.

The judgment is affirmed in part and reversed in part with directions that the case be remanded to the Board which will direct Dr. Jelsma to testify, and then the Board will report separately its findings of fact and rulings of law.