## Blue Diamond Coal Co. et al. v. Johnson.

February 9, 1951.

S. M. Ward, Judge.

Craft & Stanfill for appellants.

C. C. Wells for appellee.

Judge Stewart—Reversing.

Appellee, Walter Johnson, was injured on August 10, 1948, while in the employ of appellant, Blue Diamond Coal Company, in an accident that arose out of and in the course of his employment. Both the employer and employee had accepted the provisions of the Workmen's Compensation Act. KRS 342.001 et seq. The uncontradicted evidence and the stipulations show that appellee gave due and timely notice of this accident, and that his average weekly wages were sufficient to entitle him to maximum compensation, if any.

Johnson alleges that, on the above date, while inserting a 300 watt light bulb in one of the sockets in the electric lighting system of the Coal Company's mine, it exploded near his face, and, as a result thereof, he claimed his face and both eyes were very severely burned. He was promptly sent to the mine doctor who treated him by applying salve to his eyes. He was unable to sleep that night, due to the burns received by his eyes and because of continuous headaches. He went to his job next morning, however, and he continued to work on thereafter in the mine. At that time, he noticed no impairment in the sight of either eye. After a lapse of two or three months, he states he first became aware of a loss of vision in the left eye, and this condition grew worse until it finally resulted in industrial blindness. In addition, he says he has had unremitting headaches since the occasion of his injury. He claims that prior to the accident his eyes had been in good condition.

Johnson filed his application for an adjustment of his claim before the Workmen's Compensation Board on

August 10, 1949, alleging industrial blindness in his left eye, caused by the above described injury, which has resulted in 50% permanent partial disability to his body, accompanied since his accident by serious and continuous headaches. After all the proof was taken, the case was submitted for an award to a referee of the Compensation Board, who, based upon his findings of fact from the evidence, dismissed appellee's claim. Subsequently, upon appellee's motion, the case was considered by the full board and the conclusion of the referee was approved. Thereafter, appellee filed his petition for a review of the opinion of the full board in the Perry Circuit Court. On September 30, 1950, a judgment was rendered by the latter court remanding this cause to the Compensation Board directing that it make an award to appellee for the loss of vision of his left eye.

This appeal is prosecuted from the judgment of the lower court. The sole question before this Court is whether the findings of fact of the Compensation Board, resulting in the denial of appellee's claim, are supported by competent evidence of probative value. If the answer is in the affirmative, the disposition of appellee's case before the Compensation Board is conclusive and the circuit court erred in reversing it. The Board based its findings of fact, almost entirely, upon the evidence of the two medical experts who testified before it. We shall now consider the testimony of these two doctors.

Dr. William W. Offutt, an eye specialist of Lexington, Kentucky, a witness for appellee, testified that he examined both of appellee's eyes on September 22, 1949. He found the right eye normal; the left eye, he says, could detect only hand movements in front of it. This doctor then added: "To explain this loss of vision, I found a large and well defined atrophic scar on the left macula around which there was some pigment proliferation. This lesion was approximately the size of a half dollar." He expressed the opinion that appellee's industrial blindness could have been caused by trauma. However, on cross examination of this witness, he answered this question as follows:

"Q. Doctor, assuming it is true as testified by the plaintiff that he suffered this injury in August 1948, and he didn't suffer any loss of vision for from two to three months, could the condition you found have been caused

from the injury he alleges he suffered in August, 1948?
A. I should think not. If he didn't notice any reduction
in vision for two months I hardly see how the injury
could have caused it."

He further stated that the condition of appellee's
eye could have been caused by a disease such as chori-
oiditis, an inflamation of the chorioid or middle layer
of the eyeball.

Testifying for the Coal Company was Dr. C. L.
Combs, an eye, ear, nose and throat specialist of Haz-
ard, Kentucky, who gave his deposition on August 2,
1949. His evidence as to the reason of appellee's im-
paired vision agrees substantially with Dr. Offutt's. To
this question he gave the following answer:

"Q. Was this condition caused by his alleged trau-
ma of 1948 in your opinion? A. Well, I wouldn't—my
opinion is that it would not be. However, I do not state
it is impossible for it to have been. The reason for my
stating in my opinion it was not is that there is no evi-
dence of external injury like scars that you would find
from a burn. I found no evidence of injury externally,
so from that reason I would have to be of the opinion
it was caused by some other condition."

We have steadfastly adhered to the rule of law
that if the findings of fact of the Compensation Board
are supported by substantial and competent evidence,
then such findings and the award based thereon are
conclusive and they will not be disturbed by this Court
on an appeal. Jefferson County Stone Co. v. Bettler, 304
Ky. 87, 199 S. W. 2d 986; Waegner & Co. v. Moock, 303
Ky. 222, 197 S. W. 2d 254; Coburn v. Eastern Coal Cor-
poration, 290 Ky. 679, 162 S. W. 2d 537; Black Mountain
Corporation v. Seward, 275 Ky. 177, 121 S. W. 2d 4;
Three Rivers Oil Corporation v. Harper, 258 Ky. 253,
79 S. W. 2d 972.

From our recital of the pertinent evidence in this
case, it will be seen that there is competent evidence of
a probative and very persuasive character to uphold the
findings of fact of the Compensation Board that appel-
lee's disability did not result from his traumatic injury.
Under the circumstances of this case, the lower court
was not authorized to disturb the award of the Compen-
sation Board when the latter dismissed appellee's claim.

This Court said in Tackett v. Eastern Coal Corporation, 295 Ky. 422, 174 S. W. 2d 707, in quoting from Inland Steel Co. v. Newsome, 281 Ky. 681, 136 S. W. 2d 1077, that the sole function of courts, so far as questions of fact are concerned in a compensation case, is to determine whether or not the record contains any competent evidence of probative value upon which the findings of fact of the Compensation Board may be supported, and neither the circuit court, nor this one, is authorized to determine the weight to be given the evidence.

Wherefore, the judgment is reversed and the lower court is directed to enter a judgment approving the award of the Compensation Board.