McDONALD et al. v. AMERICAN RADIA-
TOR & STANDARD SANITARY CORP.
et al.

Court of Appeals of Kentucky.
March 16, 1951.

Raymond C. Arny, Louisville, for appellants.

S. L. Greenebaum, Louisville, for appellees.

STEWART, Justice.

Teddy B. McDonald, an employee of appellee, American Radiator and Standard Sanitary Corporation, while operating a hand truck for the latter, was struck a glancing blow on the chest and jaw by the handle of the truck slipping from his grasp, on the night of December 11, 1947. He did not report to the Corporation's plant physician, Dr. Ira N. Kerns, until 9:30 the next morning. The latter, upon examining him, found that McDonald had a contusion of the left upper chest and right jaw and, upon X-raying him, discovered no bone fractures. McDonald never ceased his work with the Corporation. McDonald went to Dr. Kerns on January 23, 1948, complaining that his breastbone hurt him and Dr. Kerns again examined him and decided that he had only a slight cold. On August 10, 1948, this same physician X-rayed McDonald and treated him for a cold. The X-ray was negative as to silicosis or pulmonary tuberculosis.

On August 24, 1948, McDonald had a heart attack at his home and Dr. Arthur O. Goodman, a general practitioner and the McDonald family physician, was called to treat him. Dr. Goodman diagnosed McDonald's trouble as angina pectoris and referred him to Dr. Morris Weiss, a heart specialist, for further examination. Dr. Weiss reported back to Dr. Goodman that the electrocardiograms on McDonald "showed signs of coronary artery sclerosis with myocardial infarction." Dr. Weiss also stated that there was a possibility that this condition could be attributed to the accident first above mentioned, but that he was not certain on this point. McDonald died on September 12, 1948. Deceased had lost only two days from his work with the Corporation up until the date he became sick.

On August 31, 1949, Pearlie McDonald, for herself and as next friend of Geraldine McDonald, Anneta Lee McDonald, Barbara Jean McDonald, Teddy L. McDonald and Bernie Ray McDonald, infant children of decedent, filed with appellee, Workmen's Compensation Board of Kentucky an application for an adjustment of their claim against appellee, American Radiator and Standard Sanitary Corporation, for death benefits alleged to be payable to them pursuant to KRS 342.070. At the hearing before a referee of the Compensation Board, it was stipulated that the decedent, Teddy B. McDonald, and the Corporation had accepted and were operating under the terms and provisions of the Kentucky Workmen's Compensation Act, KRS 342.001 et seq., and that the employee was earning

sufficient wages to justify the maximum award to appellants, if any.

After all of the proof was completed before the above referee, the latter, based upon his findings of fact, dismissed appellants' claim. Upon appellants' motion, the case was considered by the full Board and the opinion and order of the referee was adopted by it. Thereafter, appellants filed their petition for a review of the opinion and order of the full Board in the Jefferson Circuit Court, Common Pleas Branch, First Division, and the lower court, on December 30, 1949, affirmed the opinion and order of the Compensation Board. Appellants prosecute this appeal from the judgment of the lower court adverse to them.

The question to be decided by this Court is whether or not the findings of fact of the Compensation Board, resulting in the dismissal of appellants' claim, are supported by competent evidence of probative value.

An autopsy was performed upon McDonald's remains the day following his death by Dr. William R. Platt, a pathologist. Doctors Goodman and Kerns were present when the autopsy was performed. Dr. Weiss, Dr. W. B. Troutman, a heart specialist, and Dr. A. T. Hurst, a diagnostician, all examined the autopsy findings at a later date. All of these doctors, who were all of the medical witnesses who testified in the case at bar, were of the opinion that the accident of December 11, 1947, had neither caused nor contributed to McDonald's death. On the contrary, the doctors unanimously agreed, and so testified at the hearing, that the immediate cause of McDonald's death was the formation of a clot or clots in the major blood vessels of his heart from seven to ten days before his death. This occlusion of the arteries in the heart, resulting in McDonald's death, they stated, had directly arisen out of arteriosclerosis which had been decedent's condition of long standing.

Appellants emphasize this argument: That Dr. Weiss changed from a willing and helpful witness to a recalcitrant and belligerent one, that is, his original opinion was to the effect that there might have been some connection between the accident and McDonald's death, whereas, later, he reversed his theory and stated that McDonald died from a cause unconnected with his injury. For reasons soon to be shown, we feel that we do not need to elaborate upon this point, except to say that Dr. Weiss changed his view as to the cause of McDonald's death after he had had the benefit of the autopsy findings.

We have steadfastly adhered to the rule of law that if the findings of fact of the Compensation Board are supported by substantial and competent evidence, then such findings and the award based thereon are conclusive and they will not be disturbed by this Court on an appeal. Jefferson County Stone Co. v. Bettler, 304 Ky. 87, 199 S.W.2d 986; H. H. Waegner & Co. v. Moock, 303 Ky. 222, 197 S.W.2d 254; Coburn v. Eastern Coal Corporation, 290 Ky. 679, 162 S.W.2d 537; Black Mountain Corporation v. Seward, 275 Ky. 177, 121 S.W.2d 4; Three Rivers Oil Corporation v. Harper, 258 Ky. 253, 79 S.W.2d 972.

Our review of the record in this case leads us to the inescapable conclusion that there is competent evidence of a probative character to uphold the findings of fact of the Compensation Board that McDonald's death did not result from his traumatic injury. KRS 342.285 makes the opinion and order of the Compensation Board binding upon this Court. We said in Tackett v. Eastern Coal Corporation, 295 Ky. 422, 174 S.W.2d 707, in quoting from Inland Steel Co. v. Newsome, 281 Ky. 681, 136 S.W.2d 1077, that the sole function of courts, so far as questions of fact are concerned in a compensation case, is to determine whether or not the record contains any competent evidence of probative value upon which the findings of fact of the Compensation Board may be supported, and neither the circuit court, nor this one, is authorized to determine the weight to be given the evidence.

Wherefore, the judgment is affirmed.