## HUMBLE v. LIGGETT & MYERS TOBACCO CO. et al.

Court of Appeals of Kentucky.

May 11, 1951.

R. E. Lee Murphy, Lexington, for appellant.

James M. Graves, Louisville, for appellees.

STEWART, Justice.

Appellant, John L. Humble, filed his application for adjustment of claim on Form 11 with the Workmen's Compensation Board on July 29, 1947, alleging the loss of his right eye as the result of an injury received by him on February 3, 1949, while working for appellee, Liggett and Myers

Tobacco Company, in Lexington, Kentucky. His claim was dismissed by the Compensation Board on March 1, 1949, after a full Board review, and on his appeal therefrom to the Fayette circuit court the latter sustained the opinion and order of the Compensation Board and dismissed his appeal on January 3, 1950. Appellant appeals to this Court from the judgment below adverse to him.

It is admitted that both the employer and employee had accepted the provisions of the Workmen's Compensation Act. KRS 342.001 et seq. The uncontradicted evidence and the stipulations show that appellee gave due and timely notice of this accident, and that his average weekly wages were sufficient to entitle him to maximum compensation, if any.

Appellant testified that on February 3, 1949, at 12:30 A.M., he and another employee of the Tobacco Company were carrying about 250 pounds of tobacco stacked on the head of a hogshead when Humble, who was walking in front, slipped, fell down, and all the tobacco slid off onto him. "Fine piece of tobacco, looked like coal", Humble stated, got in his right eye, but he did not have any trouble with this eye until seven days later. At this time, he says: "It itched. I kept rubbing it. On February 10th I was laying down and my eye started swelling, inflamed. I went to the doctor". He became totally blind in his right eye about three weeks later. Humble also said he had never noticed any loss of vision in either eye prior to his accident.

When he reported to Dr. W. L. Heiser, the Tobacco Company's local physician, this doctor sent him to Dr. T. J. Overstreet of Lexington, an eye, ear and nose specialist, who administered eleven treatments to Humble over a period of about two weeks. Called as a witness for appellant, Dr. Overstreet's testimony, in condensed form, was that he examined only Humble's right eye, finding its vision less than 50% on the first visit; that he had, at the time, acute iritis, or infection of the iris, accompanied by acute glaucoma, or pressure covering the retinal nerves; and that Humble's right eye never did improve

but grew worse, although he had not completely lost the vision of that eye when he referred Humble to a doctor in Louisville for examination and treatment. Dr. Overstreet gave it as his opinion that Humble's blindness in his right eye could have resulted from tobacco dust or crumbs getting into that eye.

However, Dr. Overstreet's theory as to the causative factor of Humble's blindness in the latter's right eye is not shared or confirmed by the other three eye specialists who later examined appellant. Drs. A. E. Leggett of Louisville and Walter O. Frey of Lexington examined Humble on February 26, 1947, and on March 12, 1947, respectively. Each of these doctors, testifying in behalf of the Tobacco Company, reached similar conclusions as a result of their diagnosis of Humble's condition; namely, that appellant's right eye showed no type of injury, physical or chemical, to the superficial tissue, so that there was no relation, they testified, between the alleged injury and the present condition of the right eye; and that Humble's blindness in the right eye had been caused by chronic iritis followed by secondary glaucoma. Both specialists also examined Humble's left eye and noticed that mild chronic iritis had already affected that eye, although its visual acuity was still 20/20.

The Compensation Board, during its hearing of this case, in order to obtain further independent medical testimony on its own behalf, directed appellant to submit himself to Dr. W. N. Offutt of Lexington for an examination of his eyes. This Humble did on January 13, 1949, and the result of Dr. Offutt's examination, based upon the history Humble gave him of his injury, corresponds in every respect with the findings of Doctors Leggett and Frey; that is, the actual cause of blindness in the right eye was iritis followed by secondary glaucoma. He also found that there was incipient iritis in the left eye which had not progressed to the point of glaucoma.

Appellant contends that this Court should determine whether or not the acci-

'dent in question caused the loss of his right eye. On the contrary, the sole issue raised on this appeal is whether or not the findings of fact of the Compensation Board are based upon competent evidence of a probative nature.

█ It is a well settled rule of law in this forum that if the findings of fact of the Compensation Board are supported by competent evidence of a probative value, then such findings and the order based thereon are conclusive and they will not be disturbed on an appeal to this Court. Jefferson County Stone Co. v. Bettler, 304 Ky. 87, 199 S.W.2d 986; Waegner & Co. v. Moock, 303 Ky. 222, 197 S.W.2d 254; Coburn v. Eastern Coal Corporation, 290 Ky. 679, 162 S.W.2d 537; Black Mountain Corporation v. Seward, 275 Ky. 177, 121 S.W.2d 4; Three Rivers Oil Corporation v. Harper, 258 Ky. 253, 79 S.W.2d 972.

█ The issue in the case at bar was clearly drawn. There was evidence each way, but the Compensation Board chose to give greater validity to the testimony produced by appellee, Tobacco Company. Competent evidence of a probative nature is that which tends to establish the fact in issue and which does not rest on mere surmise or guess. Black Motor Co. v. Spicer, 290 Ky. 111, 160 S.W.2d 336. It can hardly be said that the testimony of Doctors Leggett, Frey and Offutt does not amount to competent evidence of a probative nature that tends to establish the fact in issue in this case. This Court is not empowered to weigh the evidence or to pass anew on the facts developed in compensation cases where the decision of the Compensation Board is supported, as here, by competent evidence of probative value. Inland Steel Co. v. Newsome, 281 Ky. 681, 136 S.W.2d 1077.

The cases of Broughton's Adm'r v. Congleton Lumber Co., 235 Ky. 534, 31 S.W.2d 903, Edgewater Coal Co. v. Ramey, 235 Ky. 703, 32 S.W.2d 56 and Hinkle v. Allen-Codell Co., 298 Ky. 102, 182 S.W.2d 20, cited by appellant in his brief, are not inconsistent with the law set forth in this opinion.

The judgment is affirmed.