Silas ABBOTT, Appellant,

v.

GRISSOM–RAKESTRAW LUMBER COMPANY, Inc., et al., Appellees.

Court of Appeals of Kentucky.

May 13, 1955.

John G. Prather, Somerset, for appellant.

Ben D. Smith, Smith & Blackburn, Somerset, for appellee.

STEWART, Chief Justice.

This is a compensation case wherein appellant, Silas Abbott, sought to establish that he suffered an incomplete hernia while working for appellee, Grissom-Rakestraw Lumber Company, Inc. An opinion of the Workmen's Compensation Board, handed down after a full Board review, denied Abbott's claim. This appeal is from the judgment of circuit court affirming the decision of the Board.

Abbott, who was 34 years old at the time, alleged an accident occurred to him on June 12, 1952, while he was carrying a board which was $1\frac{1}{4}$ inches thick and 14 feet long from the grader in one part of the lumber yard to the place where the lumber was being stacked. He testified the board fell or came back on him and, when this happened, he felt a sudden, sharp pain in the lower portion of his abdomen, accompanied by nausea. However, the pain subsided and he worked until quitting time at 4:00 o'clock. The following day he remained in bed and on the day thereafter he went to see Doctor R. F. Jasper, a general practitioner in Somerset, who gave him a penicillin shot. After seven visits, Doctor Jasper dismissed him. Abbott maintains he is now and has been totally and permanently disabled as a result of the purported injury.

Doctor Jasper, who gave his deposition for plaintiff, testified that when he examined Abbott, at the time the latter first came to him, he found he was suffering from a varicocele, which impairment is a dilatation of the veins of the spermatic cord, and he stated Abbott's pain had its origin in part from an inflamed epididymis. This is an accessory organ lying close to

the testicle. His examination revealed no history on that occasion indicating a herniated condition in Abbott, so he did not recall he checked him in this respect.

On May 20, 1953, the doctor gave his deposition, and still later, on July 16, 1953, he was asked to re-examine Abbott. After the examination on the last date, he reported that Abbott's varicocele was better and that he had "gotten well" of epididymitis. He further said, "I found that the inguinal rings were larger than normal but that he did not have a hernia." It was his opinion that rings like those detected in Abbott would prevent his doing heavy lifting because it would predispose to a rupture. He thought an operation was required to correct this inguinal weakness. According to Doctor Jasper, the three main causes of epididymitis are gonorrhea, syphilis and tuberculosis, although a kick or a lick or a severe bruise in the particular region affected could bring it about. He was interrogated as to whether lifting the board could have produced Abbott's complaint, and he stated: "Just the lifting I think it would be farfetched."

Doctor J. R. Aker, a general practitioner of Somerset and a witness for Abbott, examined him on May 20, 1953. He testified Abbott had neither an inguinal hernia nor an incomplete hernia. On the contrary, he had a varicocele, and he explained this disability as a type of blood tumor caused by pressure. He added that Abbott's impairment did not have anything to do with hernia except he had a thin wall that given enough relaxation would result in a hernia if there were more pressure exerted.

Doctors Ernest C. Strode and Charles A. Vance, both surgeons practicing in Lexington, examined Abbott on July 6, 1953, and gave their depositions in behalf of Abbott's employer. Their findings corroborated those of Doctor Jasper as regards Abbott's condition, namely, that Abbott was suffering from a varicocele and from chronic epididymitis. Neither witness found any signs of a hernia, although Doctor Vance did notice large inguinal rings on each side of Abbott. He said in this connection: "I

thought he was born with them." Each one was asked if Abbott's condition was due to a traumatic injury. Doctor Strode replied: "The tenderness in testicles and the epididymis is indicative of a low grade infection and is not the result of trauma or injury." Doctor Vance's answer was that he did not know, since his information about the history of the case was so limited.

Three Somerset doctors, introduced by Abbott as witnesses, gave medical testimony that tended to support Abbott's contention that he had a bona fide hernia. Doctor R. C. Sievers stated he examined Abbott on March 30, 1953, and found a right inguinal hernia. Doctors Arthur L. Cooper and Barton L. Ramsey, Jr., both surgeons, examined Abbott on May 21, 1953, and found him herniated. Doctor Cooper located an incomplete, indirect inguinal hernia on both the right and left sides. Doctor Ramsey observed on Abbott an inguinal hernia the size of his thumb or a walnut on the right side and a hernia the size of a marble on the left side.

■ We have given a summary of all the medical proof offered by both of the parties hereto. A number of lay witnesses testified but we shall not attempt to set down or evaluate their evidence, because the important question in this case is whether Abbott has a hernia due to a traumatic injury that grew out of and in the course of his employment, and this question must be determined, in the last analysis, from the medical evidence.

■ It is apparent the testimony introduced by Abbott is in direct conflict with that adduced by the appellee employer. It must be borne in mind, however, that in a compensation case neither this Court nor the circuit court is authorized to determine the weight of the testimony. So far as the findings of fact are concerned the sole function of the court that reviews the case is to ascertain whether the record discloses any competent evidence of probative value to support the findings of fact of the Board. McDonald v. American Radiator & Standard Sanitary Corporation, Ky., 237 S.W.2d 849; Tackett v. Eastern Coal Corporation,

295 Ky. 422, 174 S.W.2d 707; and Inland Steel Co. v. Newsome, 281 Ky. 681, 136 S.W.2d 1077. We have consistently held that if there is competent, substantial evidence to support the findings of the Board, such findings will not be disturbed on an appeal to this Court. See KRS 342.285; Utley v. Pence, 295 Ky. 673, 175 S.W.2d 372; Coburn v. Eastern Coal Corporation, 290 Ky. 679, 162 S.W.2d 537; Black Mountain Corporation v. Seward, 275 Ky. 177, 121 S.W.2d 4; and Three Rivers Oil Corporation v. Harper, 258 Ky. 253, 79 S.W.2d 972.

It is our opinion there was this type of evidence adduced to support the Board's finding that Abbott did not develop a hernia from a traumatic injury received during his employment.

Wherefore, the judgment is affirmed.