## Alfred DIXON, Appellant,

v.

## C. F. RULE CONSTRUCTION COMPANY et al., Appellees.

Court of Appeals of Kentucky.

March 15, 1957.

Frockt, Baer, Benovitz & Foppiano, Manny H. Frockt, Louisville, for appellant.

Stites, Wood, Helm & Peabody, Lloyd S. Cardwell, Louisville, for appellees.

WADDILL, Commissioner.

The appellant was injured when he fell approximately 40 feet from a scaffold while at work for the appellee company. He received compensation benefits for temporary disability, but the Workmen's Compensation Board disallowed his claim for permanent disability and the Jefferson Circuit Court confirmed the order of the Board.

The only question presented by this appeal is whether the Board's order denying compensation is supported by sufficient evidence. The appellant suffered a laceration of the scalp which incapacitated him for about three weeks. At the end of this period he was back on the job earning the same wages as before the accident, although the extent of his duties had been decreased in that he was not performing the same strenuous work as he had before the accident.

The appellant testified that he cannot handle air tools for as long a period as he could before the accident because the vibrations give him a headache. He also testified that he had burning and itching sensations on his head where the skin was lacerated, and he further stated that extreme hot or cold temperatures gave him a headache.

Doctor L. H. Reed, a neurosurgeon, testified that the electroencephalogram indicated appellant had suffered a "mild abnormality of electrical function, which is somewhat difficult to interpret, but may or may not be the result of brain injury. I could not tell." He said this condition could have been present before the accident. Doctor Reed gave an opinion that appellant had a 15% permanent disability as a result of a head injury.

Doctor Clyde Foshee, who treated appellant following the accident, testified that appellant had no disability which would interfere with ordinary employment on June 28, 1954, the date he dismissed appellant from further medical care. Doctor Foshee stated that he again examined appellant on November 12, 1954, and had concluded that appellant had completely recovered.

Appellant insists there is no evidence of probative value to substantiate the Board's findings of fact. We cannot agree with this contention. Doctor Foshee examined the appellant approximately five months before the hearing and found that he had completely recovered. The conflict between this evidence and that of appellant's presented an issue of fact for the Board's determination. We therefore hold that there was sufficient competent evidence to support the finding of the Board, and that such finding should not be disturbed on appeal. Salmon v. Armco Steel Corp., Ky., 275 S.W.2d 590; General Refractories Co. v. Collins, Ky., 272 S.W.2d 471; Humble v. Liggett & Myers Tobacco Co., Ky., 239 S.W.2d 469.

Judgment affirmed.