Erma SCOTT, Widow et al., Appellants,

v.

KENTLAND–ELKHORN COAL COMPANY et al., Appellees.

Court of Appeals of Kentucky.

May 27, 1960.

V. R. Bentley, Pikeville, for appellants.

John M. Stephens, Pikeville, for appellees.

WADDILL, Commissioner.

Mrs. Erma Scott and her infant children are appealing from a judgment affirming an order of the Workmen's Compensation Board dismissing their applications for compensation as dependents of Fayette Scott. The dismissal of the claims was based upon the Board's findings that Fayette Scott's death was caused by "coronary occlusion which existed apart from and not caused by either the injury he sustained on December 7, 1956, nor the operation, nor the results of either, including the exercises performed by the decedent and the cast and brace that he wore after the operation." These findings are predicated upon medical testimony which was introduced in behalf of appellants during the hearing before the Board.

For reversal it is contended that: (1) The Board's findings are not supported by evidence having probative value; (2) the Board's findings are not conclusive on appeal because appellants are entitled to recover compensation as a matter of law.

Fayette Scott, 48 years of age, was injured on December 7, 1956, while at work in appellee's mine. He sustained fractures of several vertebrae which required an operation on his spine. Following the operation he was placed in a plaster cast, and several weeks later he was permitted to leave the hospital and return to his home.

On March 27, 1957, Scott informed his physician that the cast he was wearing was too tight, and that it was adversely affecting his movements and breathing. The cast was adjusted to relieve the pressure and discomfort. Scott was treated again on May 31, and on July 16, 1957. On the former date the cast was removed and a leather back brace applied, and on the latter date certain exercises were prescribed. There was testimony that the exercises taken by Scott caused him intense pain, and that on one occasion he vomited after performing them.

Scott died during the afternoon of September 9, 1957, shortly after he had been treated by his physician and had been advised to re-enter the hospital. He had re-

ceived compensation benefits from the appellee coal company.

The death certificate lists the cause of death as "coronary arteriosclerosis with complete obstruction of left descending coronary." The pathologist who performed the autopsy was of the opinion that Scott's death was caused by "coronary arteriosclerosis with acute obstruction."

The pathologist testified that he could find no connection between the injuries Scott sustained on December 7, 1956, and the coronary obstruction which caused his death. He further stated that it was his opinion that neither the injury nor the spinal operation contributed to cause Scott's death, but that his death was due to coronary arteriosclerosis.

The surgeon who performed the operation upon Scott testified rather positively that he could find no connection whatever between the injuries which Scott had sustained and the coronary trouble which caused Scott's death.

The physician who examined and treated Scott during the day he died was of the opinion that the injuries did not produce the thrombus in the coronary artery which caused Scott's death.

Another physician who had not examined Scott stated, in answering a hypothetical question, that a person who has a coronary disease or who has suffered severe trauma, such as a major operation, can easily have extra stress that can contribute to a coronary death.

Appellants argue that the sequence of events from the time Scott was injured to the time of his death casts doubt upon the opinions expressed by the physicians that neither the injuries nor the operation Scott underwent contributed to cause his death. Appellants also rely upon the rule that where death follows soon after the injury of an able-bodied man, a presumption arises that the death was caused by the injury in the absence of other than conjectural testimony to the contrary.

Ellis v. Litteral, 296 Ky. 287, 176 S.W.2d 883. This rule is of no help to appellants because the presumption was overcome by medical testimony which was not conjectural but possessed probative value.

The physicians who testified in this case were shown to be exceptionally well qualified in their particular branches of medicine. The testimony was competent and sufficiently positive to induce conviction that Scott's death did not result from his injuries, but from an intervening cause. Therefore, the medical testimony adequately supports the order of the Board. General Refractories Co. v. Collins, Ky., 272 S. W.2d 471; Humble v. Liggett & Myers Tobacco Co., Ky., 239 S.W.2d 469.

Appellants' contentions are found to be without merit, and after a review of the record we find no valid reason to disturb the judgment entered in the circuit court.

Wherefore, the judgment is affirmed.