Henry W. CREEKMORE, Appellant,

v.

WORKMEN'S COMPENSATION BOARD et al., Appellees.

Court of Appeals of Kentucky.

May 8, 1964.

Rehearing Denied Oct. 16, 1964.

Earl S. Wilson, E. F. Schaeffer, Jr., Kincaid, Wilson & Trimble, Lexington, John G. O'Hara, Williamsburg, for appellant.

James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellees.

WILLIAMS, Judge.

The appellant H. W. Creekmore was denied a claim for Workmen's Compensation benefits by the Workmen's Compensation Board. A judgment of the Jefferson Circuit Court affirming the order of the Board is the subject of this appeal.

The appellant's injuries were occasioned by an assault by a customer in a tavern in which appellant was employed as bartender. The sole question on appeal is whether the assault arose out of and in the course of appellant's employment.

The Board found that appellant was the head bartender at Moore's Grill, which is a tavern where eggs are sold as a side line. On the night of the altercation several customers had been teasing appellant about a sign behind the bar showing the price of eggs. The sign was erroneous and gave the impression that the eggs were being offered for sale at a ridiculous price. Shortly before midnight, Chester Cox came into the bar and joined the others in "ribbing" appellant. The Board quotes appellant's testimony concerning what happened then as follows:

"Q. Now, after he (Cox) came in what happened?

"A. Well, he picked up the conversation that they were carrying on, started kidding me about it. And I don't know, he just kept at it and I got just a little bit aggravated, see, by being constantly kidded about the price. I didn't put it on there. He said something, I don't know what it was. I gave him an answer. He says to me, 'You are awfully smart tonight.' I says, 'Chester, I am just as smart as you are.' You want me to go on with it?

"Q. Yes, go ahead.

"A. I said, 'Chester, I am just as smart as you are.' He says, 'Let's go outside and get this settled.' I went outside with him and stopped on the porch—"

After they went outside a fight ensued and appellant was severely injured.

The Board decided that the altercation did not arise out of and in the course of appellant's employment. It found that appellant broke the continuity of his employment when he left his job of bartending to go outside to determine who was "smartest." It follows that the altercation was voluntarily assumed by appellant when he went outside to settle any differences which had become personal in nature.

Appellant insists that the facts substantiate his claim that he was acting within the scope of his employment. But the sole function of the Court is to determine whether the record contains evidence of substance to support the findings of the Board, and not to determine the weight to be given the evidence. H. H. Waegner & Co. v. Moock, 303 Ky. 222, 197 S.W.2d 254 (1946); Applegate v. Hord, Ky., 373 S.W. 2d 430 (1963).

In the case of Hall v. Clark, Ky., 360 S.W.2d 140 (1962), we held that an altercation, which resulted in the fatal shooting of an employee by a fellow worker, arose out of and in the course of the em-

ployment because it stemmed from ill will that originated in the employment. In the present case we have a situation where the Board found the appellant left his employment on a private venture. His duties did not require him to take offense at teasing by his customers, or to go outside and settle the question of who had the superior mentality. There is evidence of substance to sustain the Board's finding that appellant was engaged in a personal altercation. Consequently, the finding will not be disturbed.

Judgment affirmed.

PALMORE, J., dissents on the ground that in his judgment the altercation arose out of and in the course of appellant's employment.