**PORTLAND STEVEDORING CO. v.
WEGENER et al.
No. 11456.**

Circuit Court of Appeals, Ninth Circuit.
July 24, 1947.

Gray & Lister, of Portland, Or., for appellant.

Lord, Anderson & Franklin, of Portland, Or., for appellee Wegener.

Henry L. Hess, U. S. Atty., and Victor E. Harr, Asst. U. S. Atty., both of Portland, Or. (Ward E. Boote, Chief Counsel, Bureau of Employees' Compensation, Fed. Security Agency, of Washington, D. C., and Herbert P. Miller, Asst. Chief Counsel, of New York City, of counsel), for appellee Whipple.

Before GARRECHT, HEALY and BONE, Circuit Judges.

BONE, Circuit Judge.

On October 2, 1942 appellee Wegener sustained an injury (a low back strain) while in the course of his employment as a longshoreman resulting in his total disability until December 31, 1942. During an ensuing period he did some light work until April 9, 1943—this at the suggestion of an attending physician. On April 14, 1943 he suffered a thrombosis of one of the main arteries of his left leg which required an amputation of this leg on April 21, 1943. The employer (appellant) resumed payment of compensation for total disability at the time Wegener stopped work on April 9, 1943, and continued these compensation payments until July, 1943, at which time the employer requested a hearing to determine whether Wegener's then existing disability was causally related to the original back injury.

A hearing was held before Deputy Commissioner Marshall, predecessor to Deputy Commissioner Whipple (appellee herein) and after hearing the evidence, medical and otherwise, a compensation order (not here involved) was entered in which the Deputy Commissioner found that the condition of the left leg and its subsequent amputation were unrelated causally to the injury, but that Wegener continued to be totally dis-

abled as a result of this back condition caused by the injury. This order directed payment of compensation during the continuance of this disability. No appeal was taken from this order (dated August 20, 1943).

In February, 1945, appellant filed application to terminate payments under the previous award on the ground that the disability from the back injury had ceased. In March, 1945, the Deputy Commissioner heard the evidence upon this application, including medical evidence and thereafter filed the compensation order (on July 2, 1945) here complained of, and in this order he found in substance that all disability from the back injury had ended and ordered compensation payments terminated.

Wegener instituted an action to set aside this compensation order of July 2, 1945, and the lower court ordered it set aside apparently upon the ground that there was no evidence to support the finding of the Deputy Commissioner to the effect that the disability resulting from the back injury had terminated. The employer appeals from that decree.

█ There can be no doubt that in a case disclosing the facts here involved, the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., contemplates that as to all questions of fact the findings of the Deputy Commissioner, supported by evidence and within the scope of his (here unquestioned) authority shall be final. See Crowell v. Benson, 285 U. S. 22, 46, 52 S.Ct. 285, 76 L.Ed. 598; South Chicago Coal, etc., Co. v. Bassett, 309 U.S. 251, 257, 258, 60 S.Ct. 544, 84 L.Ed. 732. This rule as to the finality of findings of fact applies where there is any evidence warranting inferences supporting them. Simmons v. Marshall, 9 Cir., 94 F.2d 850, 851.

█ It is clear that the District Judge put a different construction on the evidence than did the Deputy Commissioner, which caused him to reach a different conclusion as to the facts. He apparently was of the opinion that there was no evidence that the disability related to the back injury had terminated. But the record does not support this view of the evidence. There was some evidence to the contrary, and under the numerous authorities, the Deputy Commissioner was free to adopt the view of the facts expressed in his finding on this point.

The evidence revealed an arthritic spine condition (existing prior to the back injury for which compensation was allowed) and this arthritic condition was present in substantially the same degree a short time before the hearing resulting in the challenged order of the Deputy Commissioner. In his brief, the Deputy Commissioner points out that the District Judge arrived at his conclusion by reasoning that Wegener's back condition subsequent to the injury was due to both arthritis and the injury; that said condition had not cleared up at the time of the amputation of the left leg (due to other causes); that the back condition (due to arthritis and the injury) prevents Wegener from wearing an artificial limb; that therefore the injury continues to cause disability.

█ If it be in harmony with the most valid and acceptable principles of compensation laws to assume that where one condition (related to the injury) combines with another condition (unrelated to the injury) so as to cause disability, the injured employee is entitled to compensation for the resulting disability, then the injury need not be the *sole* effective cause of the disability. But, as pointed out in the brief of the Deputy Commissioner, the difficulty here is that the District Judge appears to have assumed that the condition *related to injury* (as distinguished from the arthritis) continued after the amputation of the left leg and existed at the time of the hearing. Even though there may have been a conflict in the evidence on this point, or a conflict between evidence and inference, the finding of fact of the Deputy Commissioner, if supported by evidence, is final and conclusive. The record discloses that there was evidence to support his finding and it is not the province of the courts to weigh this evidence. This rule is now too well established to require citation of an impressive list of authorities.

The District Judge clearly was moved by the most humane and understandable impulses in arriving at his con-clusion, but in the absence of any error in law, he was not authorized to try the cause de novo and to weigh the evidence. This now established construction of the law preserves the clear intent of Congress that the law should be viewed liberally for the protection of workers, and experience appears to have fully satisfied Congress that the existing method of establishing facts provides the fairest approximation of justice.

The decree of the lower court is reversed.