**Claude DEAL, Appellant,**

v.

**UNITED STATES STEEL CORPORATION et al., Appellee.**

Court of Appeals of Kentucky.

June 15, 1956.

As Modified on Denial of Rehearing Dec. 7, 1956.

Doyle B. Inman, Middlesboro, for appellant.

James Sampson, Harlan, for appellee.

MOREMEN, Judge.

From a judgment of the Harlan Circuit Court which affirmed an order of the Workmen's Compensation Board dismissing the claim of Claude Deal, appellant, for disability from silicosis, this appeal is prosecuted.

The sole question to be determined is identical to the question presented in Harlan Fuel Co. v. Burkhart, Ky., 296 S.W.2d 722, and United States Steel Corporation v. Birchfield, et al., Ky., 296 S.W.2d 726, and that is whether notice was timely under KRS 342.316, subsection (2). The Board held it was not.

The appellant worked in the mines of appellee, U. S. Steel Co., from June 19, 1946, until April 17, 1952, at which time he quit work. Application for adjustment of claim was not filed until May 26, 1954. In the interim period the appellant was more or less constantly under the care of physicians for lung trouble and nervous disorders.

Appellant testified that he was informed by Dr. Weisel about the last of May or the first of June 1952 that he had contracted the disease, and that he did not give notice until March 1953—11½ months after he had left his employment.

A Mr. Schaffer, appellee's workmen's compensation clerk and the person to whom appellant allegedly gave oral notice in March 1953, denied receiving the oral notice and stated that he was not apprised of appellant's claim until he received a copy of the claim filed before the Workmen's Compensation Board.

There is in the record testimony by appellant that in September 1952, he was

advised by a Dr. Rankin that he had contracted the disease of silicosis. The deposition of Dr. Rankin, however, shows that he did not examine appellant until October 9, 1952, and did not in fact advise appellant that he had contracted the disease of silicosis. Appellant places much reliance on this apparent mistake in dates and contends that the delay in giving notice extended only from October 9, 1952, until March 1953. The Board, however, did not attach any significance to the fact that appellant testified that Dr. Rankin told him he had the disease in October because it accepted as true the fact that Dr. Weisel had informed him he had silicosis in May or June preceding that date. We believe the Board was correct in so finding.

The Board found as a fact that the period of delay in giving notice existed from the time appellant was first apprised that he had silicosis—in May or June 1952 —until he allegedly gave oral notice to Mr. Shaffer in March 1953. As there is evidence in the record to support that finding we are constrained to uphold it. The Board's conclusion found this notice was not as soon as practicable as required by KRS 342.316, subsection (2) and was, in our opinion, also correct.

Appellant contends that even though the notice provisions for injury by accident and claim for silicosis are similar, KRS 342.185 and KRS 342.316(2), a more liberal construction should be accorded the silicosis statute. We recognized and discussed this question in the Harlan Fuel Company case, referred to above.

In that opinion we also took cognizance of the fact that knowledge of the employer of an ailment affecting the employee's lungs prior to and at the time the employee quits work may be taken into consideration in determining whether or not the employee has "reasonable cause" for delay in giving notice under the provisions of KRS 342.200. In the present case no such facts appear.

While the rule of liberal construction will be applied to Workmen's Compensation Statutes, as was said in Buckles v. Kroger Grocery & Baking Co., 280 Ky. 644, 133 S.W.2d 221, liberal construction does not mean total disregard for the Statute or the repeal of it under the guise of construction.

The judgment is therefore affirmed.