**HARLAN FUEL COMPANY, Appellant,**

v.

**Perry BURKHART et al., Appellee.**

Court of Appeals of Kentucky.

June 15, 1956.

As Modified on Denial of Rehearing
Dec. 7, 1956.

James Sampson, William A. Rice, Harlan, for appellant.

Doyle B. Inman, Middlesboro, for appellee.

MOREMEN, Judge.

This appeal is prosecuted from a judgment which upheld an award of the Workmen's Compensation Board by which appellee, Perry Burkhart, was granted compensation for total disability resulting from silicosis contracted while he was in the employ of appellant, Harlan Fuel Company. The question involves whether timely notice was given the employer.

On October 6, 1953, appellee became sick. On or about October 9, 1953, at the instance of Dr. Burkhart, who was a physician for the appellant company, and Dr. Andelman, who was connected with the State Board of Health, appellee was committed to the tuberculosis sanitarium at London, Ky.

At the hospital, appellee was treated by Dr. Briggs and Dr. Hendricks. Late in December 1953 or early in January 1954, they informed him that he was suffering from silicosis.

On two occasions—one in April, the other in May, 1954—appellee returned to the mine and attempted to work. He was unable to finish the day on either occasion.

Some question is raised as to whether or not on one of these visits the employee gave notice to the company that he had silicosis by exhibiting a letter to the company doctor. If so, notice of the disease would have been given approximately 4 months after the employee had been so advised. If not, notice was admittedly given approximately six months after the employee acquired this knowledge. We do not consider this two-month period as material in the present case for the reasons hereinafter pointed out.

Notice requirements, in cases where the disability is silicosis, are set out under subsection (2) of KRS 342.316, which reads in part:

"Unless notice of disability or death due to silicosis is given to the employer as soon as practicable after the employe has knowledge that he has contracted such disease and claim is made upon the employer within three years from the last injurious exposure to silica dust, all right to compensation for disability or death from silicosis shall be forever barred".

However, KRS 342.200 applies to silicosis cases and it provides in part as follows:

"Want of notice or delay in giving notice shall not be a bar to proceedings under this chapter if it is shown that the employer, his agent or representative had knowledge of the injury or that the delay or failure to give notice was occasioned by mistake or other reasonable cause."

When attention is directed to KRS 342.316(2) it may be seen that notice must be given as soon as practicable after the employee has knowledge that he has contracted such disease. It differs from KRS 342.185 which relates to notice of injury by accident. Under the latter section, notice must be given as soon as practicable after the occurrence of the accident and we have, with some strictness, held claimants to its requirement under the theory that its purpose is (1) to give the employer an opportunity to place the employee under the care of competent physicians in order to minimize his disability and the employer's subsequent liability; (2) to enable the employer to investigate at an early time the facts pertaining to the injury; and (3) to prevent the filing of fictitious claims when lapse of time makes proof of lack of genuineness difficult. Turner, Day & Woolworth Handle Company v. Morris, 267 Ky. 217, 101 S.W.2d 921; Buckles v. Kroger Grocery & Baking Company, 280 Ky. 644, 134 S.W.2d 221; and American Rolling Mills Company v. Stevens, 290 Ky. 16, 160 S.W.2d 355, 145 A.L.R. 1256.

In case of a disease, such as silicosis, some of the elements which cause the rigid application of the notice requirement may be lacking, and particularly are they absent in the case at bar, because here the employer did place appellee under the care of competent physicians, and the facts of working requirements, length of service and atmospheric conditions relating to silicosis were as available in April or June as they were in October. The question of whether he was actually suffering from silicosis could also be determined as readily at one time as at another; in fact, there was a dispute before the board as to whether he was suffering from silicosis at all. However, because the statutes are different, and this is a case of first impression, we do

not feel that cited cases under the "accident" statute are too helpful in deciding the true meaning of the "silicosis notice" statute.

■ Under KRS 342.316(2) we find the employee must notify the employer "as soon as practicable". The statute does not say as soon as practicable to whom, but it must mean as soon as practicable to the employee.

In determining the question of compliance with this statute, it is evident that KRS 342.200 may be read as a part of it. The latter statute recognizes that a delay in giving notice is not fatal to the claim if the employee has reasonable cause for such delay. We are of the opinion that the facts shown in this case do constitute such reasonable cause.

Here we have a man who knew he was sick, sought the company doctor's aid, took treatment at a sanitarium, and a few months later, before he was willing to admit that he was no longer able to function, returned to the mine and made two more attempts to work before he would acknowledge to himself that his usefulness was gone. Evidently the company doctor was sympathetic because he approved these manly efforts. It was only after this that he recognized he must file formal claim for disability. During the same time, through the company doctor, the employer knew he was in distress.

■ Under these circumstances the reasons underlying the requirement of prompt notice, which we have heretofore set out, lose their significance. Surely the employee acts reasonably when he assumes that the prior knowledge of the company constitutes some notice that he will claim compensation for his disability. We do not mean to say that knowledge on the part of the company of an ailment other than silicosis does away with the necessity for notice, but we do decide that knowledge such as that shown here constitutes a reasonable cause for delay in giving the statutory notice beyond the period which might otherwise not be "as soon as practicable".

While it may be questionable that the notice was timely in this case under the provisions of KRS 342.316(2), standing alone, we are of the opinion that reading this statute with KRS 342.200 the Board's finding of adequate notice is supported by the evidence.

Attention is called to the case of United States Steel Corporation v. Birchfield, Ky., 296 S.W.2d 726, involving similar facts, and Deal v. United States Steel Corporation, Ky., 296 S.W.2d 724, involving distinguishing facts, both this day decided.

■ We have concluded that we cannot lay down chronological tables by which we may check the period of time that notice might be conclusively said to be "as soon as practicable" after the employee has knowledge that he has contracted silicosis," but must look to the facts of each case in order to determine whether the employee performed his duty under the existing circumstances, which include a reasonable cause for delay. We think the board properly held that the employee acted in a practical manner according to usual human experience.

The judgment is affirmed.