**UNITED STATES STEEL CORPORATION, Appellant,**

v.

**James BIRCHFIELD et al., etc., Appellees.**

Court of Appeals of Kentucky.

Dec. 7, 1956.

James Sampson, William A. Rice, Harlan, for appellant.

Doyle B. Inman, Middlesboro, for appellees.

**CLAY, Commissioner.**

Appellee Birchfield was awarded workmen's compensation for permanent total disability by reason of having contracted silicosis while in appellant's employ. The question raised on this appeal is whether or not timely notice of the disease was given to the employer.

The employee had worked in appellant's mines for many years. He quit work February 11, 1954, when he was taken sick with what he described as the "flu". The company doctor thought he had pneumonia. He was sent to a local hospital where he stayed two or three weeks. On April 23 he was sent to a hospital in Washington, D. C. where he was later advised he had silicosis. He did not notify the company of this fact until four months after he was so advised.

KRS 342.316(2) provides that the right to compensation for disability or death from silicosis shall be forever barred unless notice of the disease is given to the employer "as soon as practicable after the employee has knowledge * * * that he has contracted such disease * * *."

It was shown by appellant that even though the employee was confined to a hospital in Washington, D. C., he communicated with others by letter, and it is strongly contended that his delay of four months in notifying appellant was not "as soon as practicable". It is argued that while the provisions of the Workmen's Compensation Law are to be liberally construed, the court should not annul the provisions thereof with respect to timely notice, and has refused to do so in accident cases.

We do not believe it necessary in this case to determine whether or not notice given four months after the discovery of the disease was "as soon as practicable". KRS 342.200 provides that delay in giving notice shall not be a bar if occasioned by mistake "or other reasonable cause."

It appears in the present case that during a four year period prior to the time the employee quit work a company doctor had examined him from time to time for an ailment apparently involving his lungs and had made chest x-rays. At one time the doctor was of the opinion that the employee had tuberculosis. It is thus apparent that appellant (through its doctor) had knowledge when the employee quit work that he had been suffering from an ailment involving the chest and lungs.

We cannot say that this knowledge on behalf of the employer was sufficient under KRS 342.316(2) to excuse the giving of notice, but we do think it had a material

bearing on the question of whether or not the employee's delay in giving notice was for "reasonable cause".

 The employee was a sick man when he quit work, and he knew that the company knew he was suffering from a physical condition involving his lungs. He was also aware of the company's knowledge that he was hospitalized. Those facts, combined with the employee's general disability and with his presumed anxiety over his illness, could reasonably lead him to overlook the necessity for giving prompt, formal notice to the employer of the latest diagnosis. Under such circumstances the reasons behind the requirement of prompt notice lose their force. One purpose of the notice is to enable the employer to investigate the basis of the claim, but in the present case the employer's examinations and treatment of the employee had already furnished it with those facts which an investigation would disclose. Another purpose is to make it possible that the employee be given prompt medical care to minimize the disability, but under the circumstances shown here, the employee was already receiving such medical care.

Surely the facts which we must recognize as forestalling any prejudice to the employer may be invoked by the employee as a reasonable cause for delay in giving notice.

It is our view that whether or not the employee in the present case gave notice to his employer "as soon as practicable", the facts, and particularly those with respect to the employer's knowledge of the employee's physical condition when he quit work, constituted reasonable cause for the four month delay in giving notice of the disease of silicosis. We think the Board had this practical consideration in mind when it alluded to the prior knowledge of the company doctor concerning the employee's lung condition theretofore diagnosed as pneumonia and tuberculosis. While the Board found the notice sufficient under KRS 342.316(2), the finding is amply supported by the evidence under KRS 342.-200 and must therefore be upheld.

Attention is called to Harlan Fuel Company v. Burkhart, Ky., 296 S.W.2d 722, and Deal v. United States Steel Corporation, Ky., 296 S.W.2d 724, this day decided, which were considered with this case.

The judgment is affirmed.