Matt LEWALLEN et al., Appellants,

v.

PEABODY COAL COMPANY, Appellee.

Court of Appeals of Kentucky.

Oct. 18, 1957.

J. Leonard Davis, Harlan, for appellants.

James Sampson, Wm. A. Rice, Harlan, for appellee.

MILLIKEN, Judge.

This is an appeal from a judgment of the Harlan Circuit Court reversing an award of the Workmen's Compensation Board finding the appellant, Matt Lewallen, totally and permanently disabled from silicosis incurred in his employment with the appellee, Peabody Coal Company, and awarding him compensation accordingly.

The Circuit Court's reversal of the conclusions of the Board is based upon what the Court deemed the failure of the claimant to give the Company notice of his claim "as soon as practicable after the employe (claimant) has knowledge that he has contracted such disease" within the meaning of KRS 342.316(2) prior to its revision in 1956, which governed notice to the employer in silicosis cases at the time of this claim.

It is this alleged failure of the claimant to give notice "as soon as practicable" that is the sole reason urged by the Company in its brief for denying payment of the award of compensation. All physicians who examined the claimant, including those employed by the Company, agree that the claimant has silicosis, and there is ample evidence in the record to justify a finding that the claimant incurred the disease in the employ of the Company and is now totally and permanently disabled within the meaning of the Workmen's Compensation Act.

The claimant was thrown out of employment in March, 1954, when the Company closed the mine in which he had worked. A year later, in March, 1955, the claimant sought light employment at the Frigidaire plant in Dayton, Ohio, was given a physical examination, including an X-ray examination of his chest, and was turned down for work because of his chest condition. At that time he was not informed what the medical examiners for Frigidaire had found and it was not until an indefinite period of time later—after the X-ray photographs had been forwarded to the claimant's physicians at London, Kentucky, and examined by them, and after their own examinations of the claimant—that the claimant was definitely informed that he had silicosis. The Board, in its opinion, said:

> "He (the claimant) was told by Dr. Jones (of London, Ky.) apparently late in March 1955, that he (Dr. Jones) thought plaintiff (claimant) had silicosis, but was not sure. Since there was no evidence to the contrary, we can only find that the plaintiff (claimant) knew in March 1955 which was three months before he actually gave the notice required in such cases."

The Board concluded "this is reasonable notice" and notice as soon as practicable within the meaning of both KRS 342.185 and 342.316(2).

This court has held that the notice provision of KRS 342.185 should be construed liberally in favor of the employee in order to effectuate the beneficent purposes of the Workmen's Compensation Act (See Bartley v. Bartley, Ky.1954, 274 S.W.2d 48, and cases cited therein), and we see no just reason why the same attitude should not prevail in construing the notice provision of KRS 342.316(2). In fact, a perusal of the evidence in the case at bar fails to reveal any precise date when the claimant really was informed that he definitely had silicosis, and, in concluding that he knew he had it in late March, 1955, the Board accepted the earliest possible time that he could have known it as the time he actually knew it.

In view of this evidentiary background, we think the Board was justified in concluding that the three months' interim between knowledge of the claimant and his notice to the Company was reasonable notice and "as soon as practicable" within the spirit of the Compensation Act. Cf., Harlan Fuel Co. v. Burkhart, Ky., 296 S.W.2d 722; Deal v. U. S. Steel Corp., Ky., 296 S.W.2d 724; United States Steel Corp. v. Birchfield, Ky., 296 S.W.2d 726.

The judgment of the Circuit Court is reversed.