**HOMER BROWN COAL COMPANY et al., Appellants,**

**v.**

**Claude MAYS, Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1957.

Murray L. Brown, London, for appellants.

David G. Colson, London, Roy W. House, Manchester, Zeb A. Stewart, Frankfort, for appellee.

CULLEN, Commissioner.

Claude Mays sought an award from the Workmen's Compensation Board against his employer, the Homer Brown Coal Company, allowing compensation for total permanent disability. The board denied compensation, on the ground that Mays' disability was attributable to pre-existing disease. On appeal to the circuit court, judgment was entered reversing the board and directing that compensation be awarded. The employer has appealed from that judgment.

Mays was injured in a slate fall in the employer's mine. His right leg was broken near the hip, his left leg was broken below the knee, and three vertebrae in his back were injured. He made a satisfactory recovery from these specific injuries but is now suffering from a neurological condition, involving atrophy of the muscles and spastic tremors, which condition admittedly renders him totally disabled for work.

Mays testified that before the accident there never had been any evidences of such a neurological condition. Two doctors testifying for him attributed his present disability to the injuries received in the accident.

Three doctors testifying for the employer stated that Mays is suffering from progressive muscular dystrophy. Two of these doctors stated positively that the condition was not caused by the injuries and that no part of his present disability was due to the injuries. One of the doctors said that Mays admitted, in giving his medical history, that he had experienced some slight tremors before the accident.

The Workmen's Compensation Board, stating that "because of the conflict in the medical testimony on this key issue as to the cause of the present permanent disability, the Board is unable to determine from the present record whether or not the present permanent disability is caused by the traumatic injury," appointed a disinterested doctor to examine the claimant. This doctor reported that Mays was suffering from progressive muscular dystrophy, which was not attributable to the accident. The board then entered an order denying compensation.

The appellee concedes the rule that findings of fact by the compensation board cannot be set aside by the courts if supported by any substantial evidence, but argues that the testimony of the employer's doctors, and of the doctor appointed by the board, is not substantial evidence because the doctors said that the medical profession does not know what causes progressive muscular dystrophy. However, this argument ignores the fact that at least one of the doctors said positively that it is known that the disease is not dependent upon trauma, that it has many hereditary aspects, and that the particular injuries received by Mays would not cause the disease. We think the evidence was substantial, and that the circuit court erred in setting aside the finding of fact of the board.

The judgment is reversed, with directions that judgment be entered sustaining the order of the Workmen's Compensation Board.

BIRD, J., not sitting.