**ELKHORN COAL COMPANY, Inc., Appellant,**

v.

**Carl B. ADAMS, Appellee.**

Court of Appeals of Kentucky.

May 16, 1958.

J. W. Craft, Jr., Craft & Stanfill, Hazard, for appellant.

Harry M. Caudill, Whitesburg, for appellee.

CLAY, Commissioner.

In this workmen's compensation case the circuit court reversed an order of the Board which denied appellee compensation for an admitted injury to his left leg. The sole question is whether or not appellee was an employee of appellant coal company at the time of the injury.

Appellee had from time to time worked for appellant as a mining engineer. Sometimes he had worked in a partnership with his father and an uncle, and it seems clear from the record that at such times he was employed as an independent contractor. However, at other times he had worked as an employee. He had signed the Workmen's Compensation register in 1950.

On the day in question his father had been engaged by appellant to make an en-gineering survey of a coal mine (not being operated by appellant). His father's regular "rod man" was unavailable and the general manager of appellent company (also president and principal stockholder) personally asked appellee if he could do a day's work on a "shift" basis. Appellee agreed, and at the time of his injury was working with his father.

He was paid $15 in cash for his day's work. He was not listed on the company's payroll for that day, nor were any social security or other deductions made from his pay.

It is appellant's contention that the question of whether or not appellee was an employee is one of fact and that a court may not disturb the Board's finding if supported by substantial evidence. Appellee, on the other hand, contends that there is no dispute about the facts, and therefore the issue is one of law.

The Board determined that there was a conflict of evidence, and found that on the day involved appellee was rendering semi-professional services, either as a partner or employee of his father, who was admittedly an independent contractor.

The facts, as far as they go, do not seem to be in dispute. They do not, however, present a clear picture. On the day of the injury appellee was employed in a special capacity to do one day's work. He was experienced in this type of work as an independent contractor. It does not appear he was given any specific instructions by appellant, and a permissible inference from the evidence is that he was subject to the immediate control and direction of his father.

On the other hand, he was employed by appellant for a special one day job and was paid on a shift basis as any other employee. The referee found that he was an employee for this day. The Board, apparently considering the nature of the work and the professional skill of appellee, determined that he was not an employee.

Many factors enter into the determination of whether a person performing personal services may be classified as an employee or as an independent contractor. See Sam Horne Motor & Implement Co., Inc., v. Gregg, Ky., 279 S.W.2d 755; New Independent Tobacco Warehouse, No. 3, Inc., v. Latham, Ky., 282 S.W.2d 846. A decision on this question involves the weighing of the facts shown and drawing a reasonable inference therefrom. As said in St. Joseph's Hospital v. Wisconsin Employment Relations Board, 264 Wis. 396, 59 N.W.2d 448, 451:

"The drawing of inferences from other facts in the record is a function of the board and the weight to be given to those facts is for the board to determine."

Like jury determinations, inferences and conclusions to be drawn from proven basic facts are questions of fact. See McGraw's Adm'r (Lee) v. McGraw's Adm'r (Davidson), 293 Ky. 722, 169 S.W.2d 840; Harris v. Morris, Ky., 259 S.W.2d 469, 473.

As said in Portland Stevedoring Co. v. Wegener, 9 Cir., 162 F.2d 830, 831:

"This rule as to the finality of findings of fact applies where there is any evidence warranting inferences supporting them."

In Gordon v. New York Life Ins. Co., 300 N.Y. 652, 90 N.E.2d 898, it was held that in a proceeding before a workmen's compensation board, involving the precise question we have before us, when conflicting inferences might reasonably be drawn concerning the status of the claimant, the finding of the board must prevail.

This case is unlike Brewer v. Millich, Ky., 276 S.W.2d 12, where we considered the matter a question of law in the construction of a written contract.

We are of the opinion there was substantial evidence to support the finding of the Board that appellee was not acting in the capacity of an employee at the time of his injury.

The judgment is reversed, with directions to confirm the order of the Workmen's Compensation Board.