Eldridge CARRIER, Appellant,

v.

William MOBERLY, Appellee.

Court of Appeals of Kentucky.

June 20, 1958.

Rehearing Denied Sept. 19, 1958.

**634**

Robert L. Milby, Lexington, for appellant.

Eugene S. Wiggins, Wiggins & Wiggins, Richmond, for appellee.

MONTGOMERY, Judge.

Eldridge Carrier, the employer, appeals from a circuit court judgment reversing an order of the Workmen's Compensation Board which sustained its referee's opinion denying relief to William Moberly, the employee. The judgment directed the Board to set aside its award previously entered and to hear appellee's claim on its merits.

Appellee was injured on December 31, 1954, while working as a carpenter. The injury was sustained when appellee fell from the roof of a building. Moberly continued to work until August 24, 1955, when he stopped, assigning as the reason a pain in his back. He returned to work two weeks later and continued until after November 10, 1955. On that date, appellee signed an agreement as to compensation and a final compensation settlement receipt, which was approved as an award by the Board.

Subsequently, appellee filed an application for adjustment of his claim. His attorney, upon learning that appellee had made a settlement, moved to reconsider the award, alleging that there had been such change of condition, mistake or fraud as to warrant a review of the award. Affidavits of appellee and his doctor were filed in support of his motion. Proof also was heard on the motion. The referee denied the motion. The Board adopted the findings of fact of the referee that there was no change of condition, mistake or fraud, and also denied relief.

Moberly's testimony is to the effect that neither he nor his employer understood that a final settlement was being made, which constitutes a mutual mistake. His testimony was corroborated by other witnesses. Appellee admitted signing the settlement agreement but said he thought it was just a receipt for a compensation check for the two weeks' disability in August. It was shown that appellee could read and write and that he had some grade school education. The agreement signed bears the heading in large black letters "Final Compensation Settlement Receipt". The following admonition in capital letters appears near the top of the settlement: "Read Carefully Before Signing. This is a Final Settlement Receipt. Signing it Means That Compensation Payments Cease." Moberly signed the papers without reading them.

The proof for appellee is that his condition was worse in October 1955 than in August prior, but fails to show any worsening after he signed the agreement in the following November. In a supporting affidavit filed with his motion to reopen, appellee, after stating that he had been examined by his doctor and had received his report as to his condition, said:

"That based on the aforesaid report of said medical examination, I agreed to settle my claim to compensation against Eldridge Carrier, my employer at the time of my fall and injury while in the course of said employment, and that the said agreement to settle same was examined and approved by the Workmen's Compensation Board on December 6, 1955."

Whether appellee knew what he was signing was a question of fact which was resolved against him by the Board.

■ It is provided by statute that an award or order of the Board shall be conclusive and binding as to all questions of fact on appeal to the circuit court. KRS 342.285(1). The review by the circuit court in such cases is limited to determining from the record whether the findings of fact support the order, decision, or award. KRS 342.285(3). Abbott v. Grissom-Rakestraw Lumber Co., Ky., 279 S.W. 2d 227; Bartley v. Bartley, Ky., 280 S.W. 2d 549.

■ Appellee admits that his affidavit would have been admissible as impeaching evidence but insists that it is a pleading and could not have been considered as substantive proof of facts, citing W. E. Caldwell Co., Inc., v. Borders, 301 Ky. 843, 193 S.W.2d 453. While in that case there was a reference to the claimant's affidavit as a pleading, the affidavits of the claimant and his doctor were considered by the Board. Formerly, the testimony of witnesses could be taken by affidavit, deposition, or oral examination. Civil Code of Practice, Section 543. An affidavit has been defined as a written declaration under oath. Osborne v. Commonwealth, 214 Ky. 84, 282 S.W. 762. CR 43.12 recognizes an affidavit as evidence when used as the basis for a motion, as here. The Board properly considered the affidavits.

■ The admission contained in appellee's affidavit, coupled with the admonitory forms of the settlement papers and the showing as to appellee's ability to read and write, were sufficient on which to base the Board's finding of fact that there was no mistake. The Board's decision on the motion should be sustained unless there is a palpable abuse of discretion. Trout v. Fordson Coal Co., 225 Ky. 372, 9 S.W.2d 109; Karger v. W. M. Cissell Manufacturing Co., Ky., 299 S.W.2d 788. The order of the Board is conclusive on a question of fact and the circuit court's review is limited by KRS 342.285. The circuit court was in error.

Judgment reversed.