INLAND STEEL COMPANY, Appellant,

v.

Charley BYRD et al., Appellees.

Court of Appeals of Kentucky.

Sept. 19, 1958.

Fred G. Francis, Prestonsburg, for appellant.

Thurman L. Hibbitts, Pikeville, for Charley Byrd.

Paul C. Combs, Combs & Combs, Prestonsburg, for Eastern Gas & Fuel Co.

STEWART, Judge.

The Workmen's Compensation Board found that appellee, Charley Byrd, the claimant, was 100% disabled as a result of a silicosis condition, that he was "last injuriously exposed to the hazards" of this disease while an employee of appellant, Inland Steel Company, and that the latter was wholly liable for compensation payments in connection with appellee's disability. See KRS 342.316(3). This appeal is from the judgment of the Floyd Circuit Court which affirmed the award of the Board.

Several grounds are urged for reversal. One of the chief of these is that appellee did not notify appellant of his disability as soon as practicable, as provided by law. We have concluded the failure to comply with the statutory notice requirement precludes a recovery by appellee in this proceeding. In view of this holding we shall confine this opinion solely to a discussion of this ground.

Appellee's work record is not in dispute and is summarized as follows: For some 25 years prior to December 1, 1952, he was employed by Eastern Gas & Fuel Associates

(herein called "Eastern"). From January 5, 1953, to October 2, 1953, he was a laborer for appellant, Inland Steel Company (herein called "Inland"); and from October 27, 1953, to July 29, 1954, he was in the hire of Johnson & Vanover Coal Company, a partnership (herein called "Johnson & Vanover"). Each of these companies operated coal mines in the eastern section of Kentucky and appellee's labor in these mines consisted of work on coal cutting machines, either as a helper or operator, and of running a tram motor in hauling men in and out of and in moving coal from the mines of the above owners.

The evidence reveals that appellee, throughout his employment with the three companies, was exposed to rock dust containing a high degree of silica content; in fact, this point seems not to be in dispute. Also, the record in this case shows beyond any doubt that appellee had silicosis in an advanced stage at the time he terminated his employment with Eastern. This is disclosed by the uncontroverted testimony of Doctor G. N. Combs, a radiologist of Pikeville, who testified from X-ray films taken of appellee in January of 1953, which was about the time he commenced his employment with Inland. Shortly after appellee ceased working for Johnson & Vanover he was examined by Doctor William C. Hambley of Pikeville and again diagnosed to have silicosis. On August 5, 1954, this physician removed the upper right lobe of appellee's lung because the acuteness of the disease in that region required that such type of operation be performed.

The next month appellee notified only Johnson & Vanover he had the disease in question, making claim on that company for compensation and, a settlement by them being refused, he filed his claim on January 3, 1955, against Johnson & Vanover and also against Eastern. The case was set for a hearing before a referee on April 11, 1955, at which time Eastern moved to require appellee to make Inland a party defendant to the proceeding. This was promptly done. It is not shown Inland was ever notified by appellee of his disablement, or was informed of its existence, other than by its being brought into this action in the manner described. Incidentally, appellee had not previously served notice of his condition or made demand for compensation upon Eastern before making Eastern a defendant.

At the hearing before the Board it was ascertained that Johnson & Vanover and appellee, during the latter's period of service with that company, had not made a joint voluntary application for silicosis coverage as was then required by KRS 342.005(2). Upon the discovery of this fact, the Board dismissed appellee's claim against them.

The Board's findings of fact recited that appellee "acquired the disease of silicosis while working for Eastern Gas & Fuel Associates, and that the disease had developed to an advanced state at the time he was released there after service of many years." Dr. Hambley, the specialist who operated on appellee, expressed the opinion that this particular illness had been developing over a period of approximately ten years. The Board also found, referring to the medical testimony of Doctor Combs, that there was no discernible change in appellee's lung condition between the time he quit his employment at Eastern's mine and the day he finally ceased working entirely.

As initially stated, the question presented for our determination is: Did appellee give timely notice of his disease to appellant? The relevant statute is KRS 342.316(2) and the pertinent portion of the subsection applicable to the facts of this case reads: "Unless notice of disability * * * due to silicosis is given to the employer as soon as practicable after the employee has knowledge that he has contracted such disease * * * all right to compensation for disability or death from silicosis shall be forever barred."

It will be recalled appellee at no time attempted to make known to appellant that he had the disease of silicosis. Further-

more, he never made formal claim upon or proceeded directly against appellant for compensation. It was only after appellee had taken affirmative action against Johnson & Vanover and Eastern that appellant on April 11, 1955, was made a party to this proceeding on motion made by Eastern, one of the original defendants. Thus, the course of action pursued by appellee leads one to reasonably conclude he must have believed he had no claim against appellant.

Eight months had elapsed before appellant was made a party to this proceeding in the manner described. We have pointed out that the evidence does not disclose appellant was apprised of appellee's sickness prior to this time. Assuming that appellant's being brought before the Board as a party defendant on Eastern's motion constituted notice to appellant by appellee of his disease, there is nothing in the record to justify the long delay in failing to comply with the controlling statutory provision. Notice must be given to an employer "as soon as practicable"; this is the mandate of the statute we have quoted above. Under the facts of this case waiting eight months to give the notice is not "as soon as practicable", since no excuse is presented for the failure to comply with it here.

Three of our most recent cases on the point under discussion are: Harlan Fuel Co. v. Burkhart, Ky., 296 S.W.2d 722; Deal v. United States Steel Corp., Ky., 296 S.W.2d 724; United States Steel Corporation v. Birchfield, Ky., 296 S.W.2d 726. The facts in the case at bar are clearly distinguishable from those decided on the notice question raised in the first and last mentioned opinions. In the Deal case we held that the delay in giving notice was fatal to the employee's claim. The circumstances in that case are somewhat analogous to those set forth in the present proceeding. Of course, we must look to the evidence in each case in order to determine whether the circumstances constitute a reasonable cause for delay in giving the statutory notice beyond the period which might otherwise not be "as soon as practicable".

The Board's opinion conceded no formal notice was ever given appellant and, in its finding on this issue, stated, without giving any factual basis therefor, that the delay had not placed appellant in a prejudicial position. We cannot accept such a ruling in this case as a satisfactory one.

Wherefore, the judgment is reversed with directions that it be remanded to the Board with an instruction to dismiss appellee's claim against appellant.