Edward PACE, Appellant,

v.

LOUISVILLE CRUSHED STONE COMPANY et al., Appellee.

Court of Appeals of Kentucky.

Oct. 23, 1959.

**540**

Freeman L. Robinson, William F. Trusty, Louisville, for appellant.

Gavin H. Cochran, Peter, Heyburn & Marshall, Louisville, for appellee.

EBLEN, Judge.

This is an appeal from the judgment of the Jefferson Circuit Court, which affirmed an order of the Workmen's Compensation Board denying the appellant's claim.

The appellant, 50 years of age, had been employed by appellee as an operator of a wagon drill for about 2 years and 4 months. The appellant drilled holes in the limestone rock inside underground rooms or caverns of large size for charges of explosives.

On or about September 5, 1956, while helping the moving of this drill, the appellant was struck in the chest by the steel tongue and began to suffer chest pains. He continued to work for some two weeks, but the soreness and pain in breathing became so severe that he consulted a doctor. A thorough examination, including a lung biopsy, established that appellant was suffering from silicosis, bronchiectasis and emphysema. There was testimony that 40% of appellant's disability was due to the silicosis and 60% to the bronchiectasis, the latter being described as an infectious residual disease. No claim is made that he suffered any temporary or permanent disability as a result of the blow on his chest.

The Board found that the appellant was not exposed to the hazards of the disease of silicosis or any occupational disease in his employment with the appellee within the State for two years before his disability; and that the diseases from which the appellant is suffering were not aggravated or lighted up by any conditions of his employment by the appellee.

It would appear that if there be evidence of probative value to support the findings of the Board our prior decisions require an affirmance. Carrier v. Moberly, Ky., 315 S.W.2d 633; Homer Brown Coal Co. v. Mays, Ky., 307 S.W.2d 934; Elk Horn Coal Corp. v. Isaac, Ky., 284 S.W. 2d 88. There was abundant medical testimony of a positive nature, including the biopsy report, that the silicosis from which

the appellant suffered was caused by an exposure that occurred several years before appellant entered the employ of appellee, and that it could not have been caused and was not aggravated by any exposure during the time appellant was employed by the appellee. The appellee urges that this is evidence of probative value which will support the Board's findings of fact.

The appellant contends that the Board and the lower court have misconstrued the evidence in so far as the finding that the appellant's silicosis was not aggravated or lighted up during his employment by appellee is concerned; that negative answers to questions of aggravation and lighting up were contradicted by other testimony from the same doctors that the appellant should and could not work in any place where he would be exposed to dusty conditions; and that since appellant was able to and did work in this limestone dust for some two years without loss of time, and since he can no longer work where exposed to dust, it necessarily follows that the dusty condition for two years aggravated or lighted up the appellant's diseases in their single and combined form.

██ We are neither qualified nor disposed to make a technical analysis of medical testimony. When specific questions as to aggravation or lighting up are answered affirmatively or negatively, the Board is justified in basing its finding thereon, unless it is manifest from the other testimony that the specific answers lack probative value. We are unable to see in the medical testimony, referred to by the appellant, the inconsistency claimed. It is true that the doctors testified that the dust to which the appellant was exposed in his employment by appellee would irritate the lining of the trachea, the bronchii and bronchioles, but that it would not affect the silicosis. However, the asserted inconsistency disappears when all the evidence is considered. It was established that silicosis, once it is started, continues to develop after the person is removed from the presence of the dust causing the same, whereas in all other types of pneumoconiosis or dusty lung diseases this is not true. Further, the Board's finding, as heretofore stated, applied to all the diseases from which the appellant was suffering. There was substantial evidence of probative value that none of the diseases could be traced to the work done by the appellant for appellee, either directly as the substantial cause, or indirectly as an aggravating cause.

The judgment is affirmed.