Emery **ALTIZER**, etc., et al., **Appellants,**

v.

Albert **CASEY, Appellee.**

Court of Appeals of Kentucky.

Oct. 23, 1959.

Rehearing Denied Jan. 29, 1960.

Baird & Hays, Pikeville, for appellants.

V. R. Bentley, Pikeville, for appellee.

MONTGOMERY, Chief Justice.

This appeal is from an order of the circuit court remanding the case to the Workmen's Compensation Board for proceedings in accordance with the provisions of the Workmen's Compensation Act and such modification of the award as may be proper. The only issue before the referee and Board was the extent and duration of the disability of the appellee, Albert Casey. The only question here is whether or not the finding of fact made by the Board is supported by any substantial evidence.

Albert Casey sought an award for total and permanent disability for injuries suffered on October 18, 1955. His employer was Emery Altizer, trading and doing business as Rockhouse Coal Company. The referee awarded him 35% permanent partial disability. On appellee's appeal to the full Board, he was awarded 25% permanent partial disability. On his appeal to the circuit court, the order complained of here was entered.

The opinion of the Board recites that appellee was treated or examined by at least eight physicians, two of whom did not testify. Two doctors testified that appellee was totally disabled at the time of examination. Their testimony was based on examination of the appellee after he had suffered additional injuries in an auto accident subsequent to his original injury. They were unable to apportion satisfactorily the disability between the two injuries, thus destroying the probative value of their evidence. Four other doctors placed his disability at 46, 30, 25, and 20%, respectively. Their testimony was based on examination and treatment. Upon this evidence, the Board fixed the amount of appellee's disability at 25%.

■ When findings of fact are in issue, the circuit court is limited to a summary determination upon the record before the Board of whether such findings of fact are based on competent evidence of probative value to support the order, decision, or award. KRS 342.285. Homer Brown Coal Company v. Mays, Ky., 307 S.W.2d 934, and Carrier v. Moberly, Ky., 315 S.W.2d 633. The rule as to finality of findings of fact by the Board applies when there is any evidence warranting inferences supporting them. Elkhorn Coal Company v. Adams, Ky., 313 S.W.2d 421. There was sufficient probative evidence here to sustain the Board's finding of fact and its award. The lower court was in error.

The judgment is reversed, with direction to affirm the award of the Board.