Don Paul **CORBIN** and Bruce Parker, D/B/A **Donbru Coal Company**, et al., Appellants,

v.

Laura McKINNEY et al., Appellees.

Court of Appeals of Kentucky.

Feb. 19, 1960.

Baird & Hays, Pikeville, for appellants.

V. R. Bentley, Pikeville, for appellees.

MONTGOMERY, Chief Justice.

The sole issue in this workmen's compensation case is whether there is any connection between the injury suffered and the cause of death. The circuit court reversed an order of the Workmen's Compensation Board holding that the death did not result from the injury sustained and that there was insufficient evidence to sustain a finding that the injury accelerated or aggravated the cause of death. Appellants contend that there is no connection between the injury and the cause of death.

On November 28, 1955, slate fell on Frank McKinney, an employee of Donbru Coal Company, and fractured the transverse process of his second, third, fourth, and fifth lumbar vertebrae. The autopsy report made on the date of death, August 30, 1956, gave the cause of death as chronic glomerular nephritis with chronic bronchitis. The testimony of four doctors who examined, observed, or treated the employee is to the effect that there was no connection between the injury sustained and the cause of death.

Appellees argue that the facts were not in dispute and that the circuit court was not bound by the Board's findings and, therefore, could decide the matter as a question of law. Various theories are urged in behalf of appellees to sustain their claim, but the difficulty is the undisputed medical testimony that there was no connection between the injury and the cause of death. The Board's findings are supported by substantial evidence. It is elementary that they will then be honored by the circuit court and this Court. Homer Brown Coal Co. v. Mays, Ky., 307 S.W.2d 934; Elkhorn Coal Co. v. Adams, Ky., 313 S.W.2d 421; Carrier v. Moberly, Ky., 315 S.W.2d 633; Jenkins v. Tube Turns, Inc., Ky., 321 S.W. 2d 48; Grigsby v. Fraley, Ky., 322 S.W.2d 108.

The judgment is reversed with direction to enter judgment sustaining the order of the Workmen's Compensation Board.