**OSBORNE MINING CORPORATION, Appellant,**

v.

**Joe BARRERA, Appellee.**

Court of Appeals of Kentucky.

April 22, 1960.

Sanders & Redwine, Pikeville, for appellant.

L. D. May, Pikeville, for appellee.

PALMORE, Judge.

This is a Workmen's Compensation case. The appellee, Joe Barrera, worked for Pond Creek Colliery as a motorman for some 27 years until his employment was ended in a general reduction of forces in September of 1954. During his service with Pond Creek Colliery he contracted silicosis and was so advised by his physician following a chest X-ray in December of 1952. On June 1, 1955, after appellee's discharge, the mine at which he had been employed was sold by Pond Creek to the appellant, Osborne Mining Corporation. Barrera was not employed at the time the plant was sold, but on July 6, 1955, he was called back to work by Osborne and again assigned to duty as a motorman. He remained in this employment until September 28, 1955, covering a period of 84 days. On January 6, 1956, he instituted this litigation by filing a claim against Pond Creek for compensation on account of his silicotic condition. Osborne was made a party by amendment filed on April 6, 1956.

On a full board review of the referee's award sustaining the claim as to Pond Creek and dismissing it as to Osborne the Workmen's Compensation Board dismissed the claim as to both Pond Creek and Osborne. On appeal to the Pike Circuit Court this order was set aside and judgment entered against Osborne alone. Osborne appeals to this court.

■ The finding of fact by the Workmen's Compensation Board that Osborne had no notice and was unaware of the fact that Barrera was suffering from silicosis until the compensation claim was filed against it was supported by competent evidence and therefore is conclusive. Corbin v. McKinney, Ky.1960, 332 S.W.2d 551. In fact, it is not seriously contended that notice was given to Osborne at any time before the last employment ceased. However, counsel for appellee stresses the testimony of Dr. G. W. Easley, who on June 6, 1956, testified that he had examined Barrera and taken X-rays in 1952 and 1954 and was "suspicious" of his lung condition but thought that the time of his first telling the patient he had silicosis was "comparatively recent." It is argued that Barrera himself could not have known that he had silicosis and therefore could not have notified Osborne. This contention overlooks.

Barrera's repeated testimony that he knew he had silicosis while he was still working for Pond Creek; that he had been so advised on the occasion of his first consultations with Dr. Easley; that he had notified his immediate superior, one Joe Moncho, of his silicotic condition some "two or three years" prior to the giving of his evidence in May of 1956, and that on account of his condition he had requested a transfer to different duty some time prior to his discharge by Pond Creek in 1954.

The facts essential to the disposition of this appeal seem to be very clear. Barrera knew he had silicosis while he was still with Pond Creek and probably so notified his "bank boss," Joe Moncho. At the time of his discharge by Pond Creek in September of 1954 and at the time of his employment by Osborne on July 6, 1955, he had taken no further steps toward asserting a claim. To him, Pond Creek and Osborne were one and the same. They employed the same superintendent and the same chief clerk, but neither of these officers was aware of his condition. He was not given a medical examination incident to the re-employment, and he mistakenly assumed when he returned to work that the company (at that time, Osborne) had a record of his condition. On December 16, 1955, when he first gave written notice that he was suffering from silicosis and was making a claim for compensation, the notice was directed to Pond Creek at the Osborne address. It was received by Osborne but not regarded as a claim against Osborne because it was addressed to Pond Creek, the former employer.

■ Regardless of the misunderstandings and erroneous assumptions, the unyielding fact is that no kind of timely notice was given to Osborne. The right of recovery may not be defeated by delay in giving notice where the employer is not prejudiced (Mengel Co. v. Axley, 1949, 311 Ky. 631, 224 S.W.2d 921; Turner, Day & Woolworth Handle Co. v. Morris, 1937, 267 Ky. 217, 101 S.W.2d 921), but in this case, since the law makes liable the last employer in whose service a silicosis victim has been injuriously exposed (KRS 342.-316), it can be presumed that Osborne would not have employed Barrera had it known his condition. Thus there can be no question but that excusing the delay would prejudice Osborne, which is innocent of any fraud, negligence or other conduct that could form a just basis for fastening liability upon it in the face of the clear requirement of KRS 342.316(2) that notice be given the employer as soon as practicable after the employee has knowledge of his condition.

Judgment reversed with directions to enter a judgment dismissing the appeal from the order of the Workmen's Compensation Board.