PEABODY COAL COMPANY, Appellant,

v.

William R. HARP et al., Appellees.

Court of Appeals of Kentucky.

June 16, 1961.

Rehearing Denied Dec. 15, 1961.

 

James Sampson, William A. Rice, Sampson & Rice, Harlan, for appellant.

J. Leonard Davis, Harlan, for appellee.

WADDILL, Commissioner.

The appeal is from a judgment confirming an award of the Workmen's Compensation Board that granted William R. Harp benefits for total disability resulting from silicosis which he contracted while working in the mine of the Peabody Coal Company. The company seeks reversal of the judgment on the ground that Harp failed to give it timely notice of his disability as required by KRS 342.316(2).

Harp had been employed by the company since 1936. During the last ten years of his employment he worked near a coal-cutting machine and was exposed to a high concentration of rock and coal dust. Between 1956 and 1958 he complained on several occasions to his foreman that the dust was affecting his ability to breathe but he continued to work in the mine until March 16, 1958. When he was examined by a physician on July 7, 1958, and after X-rays were taken of his lungs, he was told that he had silicosis. The company received notice of this diagnosis in December, 1958.

As concerns the giving of notice, where the disability is from an occupational disease, KRS 342.316(2) provides as follows:

"The procedure with respect to the giving of notice of disability or death and as to the filing of claims and determination thereof in occupational disease cases and the compensation and medical benefits payable for disability or death due to such disease shall be the same as in cases of accidental injury or death under the general provisions of this chapter except that notice of disability shall be given to the employer as soon as practicable after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted such disease, or a diagnosis of such disease is first communicated to him, whichever shall first occur."

In Mary Helen Coal Corp. v. Chitwood, Ky., 351 S.W.2d 167, we held that notice under this subsection is not required to be given until these conditions concur: (1) The employee has a disability from an occupational disease which impairs his capacity to perform his work, and (2) the employee knows or should know by the exercise of reasonable care and diligence that he is suffering from the disease.

Since these conditions were satisfied on July 7, 1958, when Harp knew that he was disabled from silicosis, the company contends that Harp's delay in giving it notice until December, 1958, was fatal to his claim.

An examination of some of our opinions pertaining to the notice provision

of KRS 342.316(2) reveals that the requirement to give notice as soon as practicable means within a reasonable time under the circumstances of each particular case. Osborne Mining Co. v. Davidson, Ky., 339 S.W.2d 626; Osborne Mining Co. v. Barrera, Ky., 334 S.W.2d 917; Inland Steel Co. v. Byrd, Ky., 316 S.W.2d 215; Lewallen v. Peabody Coal Co., Ky., 306 S.W.2d 262; U. S. Steel Corp. v. Birchfield, Ky., 296 S.W.2d 726; Deal v. U. S. Steel Corp., Ky., 296 S.W.2d 724. More specifically we have held that mere time lapse is not always the determinative factor because KRS 342.200 excuses the failure to give notice as soon as practicable if the Workmen's Compensation Board has determined that the delay was occasioned by reasonable cause. Harlan Fuel Co. v. Burkhart, Ky., 296 S.W.2d 722. Such a determination is reflected by the findings of the board in the instant case and is supported by the record.

█ In the light of these considerations we conclude that the board was justified in finding that Harp gave the company timely notice of his disability within the meaning of the pertinent provisions of the Workmen's Compensation Act.

Judgment affirmed.