**MARY HELEN COAL CORPORATION,**
Appellant,

v.

**Ebble GARRETT et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 9, 1962.

James Sampson, William A. Rice, Sampson & Rice, Harlan, for appellant.

Doyle B. Inman, Harlan, for appellees.

STEWART, Chief Justice.

This is an appeal by the Mary Helen Coal Corporation (herein referred to as "the coal corporation") from a judgment of the Harlan Circuit Court affirming an award of the Workmen's Compensation Board which allowed Ebbie Garrett, appellee herein, benefits for total permanent disability as a result of silicosis. The question raised is whether appellee gave the coal corporation timely notice of his disability under KRS 342.316(2) as amended in 1956, effective August 1, 1956. That statute requires:

"* * * that notice of disability shall be given to the employer as soon as practicable after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted such disease, or a diagnosis of such disease is first communicated to him, whichever shall first occur."

There appears herein not too much dispute as to the vital facts in this case. A

summary of the evidence shows appellee began to suffer a shortness of breath in June, 1957. However, he continued his employment in the mine of the coal corporation until June 27, 1958, at which time he quit, claiming he was compelled to do so because he was permanently and totally disabled. He went to a specialist in chest diseases on August 26, 1958, who diagnosed him as being disabled by silicosis to the extent that he could not do any type of exertional work.

He gave notice to the coal corporation of his condition on September 2, 1958, which was shortly after he received the report of the specialist. The coal corporation refused to honor his claim and he filed his application for compensation on January 27, 1959. At a hearing before the Workmen's Compensation Board he was awarded compensation based upon permanent total disability. This judgment, upon a review by the circuit court, was affirmed. This appeal is prosecuted from that ruling.

The coal corporation's sole contention is that, under the statute above quoted, appellee should have given notice of his condition in June, 1957, or "as soon as practicable" thereafter and that his 15-month delay in giving notification is fatal to his claim.

 The recent cases of Peabody Coal Co. v. Powell, Ky., 351 S.W.2d 172; Peabody Coal Co. v. Harp, Ky., 351 S.W. 2d 170; Peabody Coal Co. v. Guthrie, Ky., 351 S.W.2d 168; and Mary Helen Coal Corp. v. Chitwood, Ky., 351 S.W.2d 167; are determinative of this case. In all these we held that before notice is required the employee must have a disability from an occupational disease which impairs his capacity to perform his work and also the employee must know, or should know by the exercise of reasonable care and diligence, that he is suffering from the disease. That is to say, he must not only have knowledge in respect to his having the occupational disease, but his condition must cause him to be disabled to the extent that it affects his ability to work.

According to the record appellee became disabled for work because of his occupational disease in June, 1958. He was examined by a doctor on August 26, 1958, and very shortly thereafter informed appellant of his disability. We conclude appellee's notice to the coal corporation of his disability was timely.

Wherefore, the judgment is affirmed.