INLAND STEEL COMPANY, Appellant,

v.

Noble MULLINS et al., Appellees.

Court of Appeals of Kentucky.

April 26, 1963.

Fred G. Francis, Howard, Francis & Howard, Prestonsburg, for appellant.

Burnis Martin, Paul E. Hayes, Prestonsburg, for appellees.

STEWART, Chief Justice.

Noble Mullins, appellee herein, was allowed total and permanent disability benefits by the Workmen's Compensation Board (herein referred to as "the Board") and the award was upheld on review by the Floyd Circuit Court.

In seeking a reversal of the judgment appellant first claims, relying upon K RS 342.316(2), that appellee failed to give notice as soon as practicable after he learned he was disabled from the disease of silicosis.

A summary of the facts relative to this point is that in September, 1958, appellee, a coal miner who operated coal cutting and loading machines for appellant, was experiencing "shortness of breath." He consulted Dr. R. L. Hall, the company physician, and the latter diagnosed his complaint as pneumoconiosis. Dr. Hall notified appellee of his infirmity and sent a report of his finding to appellant; he also instructed appellee to return in six months for another X-ray. In May, 1959, appellant went back to Dr. Hall, and was examined and told his condition was worse.

Later, appellee discussed the state of his health with Arthur Bradbury, a company official whose duties embraced the handling of appellant's compensation claims, and this person had him to go to Charleston, West Virginia, in August, 1959, to be examined by two doctors. Those doctors, William C. Stewart and George F. Grissinger, transmitted a report to appellant that appellee had silica infiltration in his lungs.

Appellee was then given a job outside the mine in November, 1959, at which he worked regularly until August 18, 1960. On the latter date he quit his employment, notifying his foreman he was no longer able to do the work. At that time he was again examined by Doctors Stewart and Grissinger who found him to have silicosis but no disability. He filed his application for compensation on September 9, 1960.

Do these facts show timeliness of notice? We believe they do.

Appellant's physician, Dr. R. L. Hall, knew as soon as appellee that he had some form of pneumoconiosis, and promptly reported appellee's condition to appellant. From that date until the termination of his employment on August 18, 1960, appellant had appellee under medical observation and caused him to be examined several times for the purpose of determining the progress of his affliction. We believe it cannot be main-

tained, under the proof shown, that appellant did not have due and timely notice of appellee's silicotic condition.

■■ Furthermore, this Court has held that notice pursuant to KRS 342.316(2) is not required to be given until the following conditions concur: " * * * (1) The employee has a disability from an occupational disease which impairs his capacity to perform his work, and (2) the employee knows or should know by the exercise of reasonable care and diligence that he is suffering from the disease." See Mary Helen Coal Corporation v. Chitwood, Ky., 351 S.W.2d 167. See also Peabody Coal Company v. Guthrie, Ky., 351 S.W.2d 168, and Peabody Coal Company v. Harp, Ky., 351 S.W.2d 170. Although appellee may have had a vague notion his health was not too good, there was insufficient proof that he had sustained a disability from an occupational disease which impaired his capacity to perform his work prior to August 18, 1960. Hence the Board correctly determined the point under consideration.

■ It is next contended competent evidence of probative value was lacking that appellee was totally and permanently disabled from silicosis.

All of the physicians who testified agree that appellee has silicosis. On the question of disability, Doctors Grissinger and Stewart found no impairment due to the disease. Doctor Davidson, another physician who testified for appellant, stated only that appellee *could* be totally disabled by the disease or that he *could* have no disability therefrom. Doctor Worden, another of the medical experts who appeared in behalf of appellant, found appellee had 10% impairment. Testifying in behalf of appellee, Doctor Boyce Jones found him permanently totally disabled to do coal mining or other heavy manual labor; and Doctor T. H. Biggs also found him totally permanently disabled to do coal mining or ordinary normal labor.

■ Such evidence is competent and sufficient to support the Board's finding of total disability due to the disease of silicosis. It conforms to the test set forth in Altizer v. Casey, Ky., 330 S.W.2d 730, namely: "When findings of fact are in issue, the circuit court is limited to a summary determination upon the record before the Board of whether such findings of fact are based on competent evidence of probative value to support the order, decision, or award. KRS 342.285. Homer Brown Coal Company v. Mays, Ky., 307 S.W.2d 934, and Carrier v. Moberly, Ky., 315 S.W.2d 633. The rule as to finality of findings of fact by the Board applies when there is any evidence warranting inferences supporting them. Elkhorn Coal Company v. Adams, Ky., 313 S. W.2d 421."

■ Appellant next argues that under the provisions of House Bill No. 380 enacted by the 1962 General Assembly, and specifically by the terms of KRS 342.316 (13) (a), the Board, upon appellant's motion, should have made the Subsequent Claim Fund a party to this action and ordered the award to be paid 40% from the Fund and 60% by the employer, which it asserts the revised statute provides. The statute, as amended, became effective March 22, 1962, which was prior to the date, April 3, 1962, of the final award in this case.

Appellant takes the position that this was a procedural change in the law, that is, it was remedial in nature and therefore it would affect all proceedings in litigation or pending at the time it became effective. Appellant cites the case of Rye v. Conkwright, Ky., 311 S.W.2d 796, as authority for his contention. This was an appeal from a judgment affirming an order of the Board allowing a fee to the claimant's attorney. This Court held the amendment to KRS 342.320 in 1956 by the Legislature so as to increase the maximum percentage of recovery allowable as an attorney's fee was remedial or procedural; and that, where an award was made after the effective date of the amendment, the attorney's fee should

have been determined under the statute as amended, although the application for compensation was filed before the effective date of the amendment.

In the Rye case the amount of compensation the employer was required to pay under the award was not at all affected by the increase in the attorney's fee which is always taxed as a cost item; therefore, it could be said to be remedial. Here, however, the 1962 amendment under certain circumstances, unnecessary to mention and apparently not applicable in the case at bar, provides for payments partially out of the Fund and partially by the employer. Thus substantive rights are changed. See 99 C.J.S. Workmen's Compensation § 21b, page 137, footnote (7).

It is pointed out that a portion of the medical testimony brought out in the case at bar tended to show that some men are more susceptible to silicotic infiltration than others when regularly exposed to coal dust during their working hours. Reasoning from this general statement, it is suggested —but not proved—appellee had such a predisposition to contract the disease of silicosis that he must be deemed to possess a pre-existing or congenital tendency to become silocotic. It is therefore asserted his disease should not have been charged wholly to the hazards of his occupation. Appellant contends apportionment should have been made as to the percentage of disability attributable to appellee's impairment because of his so-called inherent weakness to withstand exposure to silica dust.

This argument must fall of its own weight because, as pointed out, no evidence exists in the record of this case upon which it may be based. Assuming, however, appellee's state of health was to some extent below par, such a condition of debility or frailty would not exclude him from a full recovery of the compensation payments allowed him by law. We have said that industry takes a man as it finds him, Parrott v. S. A. Healy Co., Ky., 290 S.W.2d 798, and

this Court has held that the Workmen's Compensation Act is not limited in its application to employees in good health, Stasel v. American Radiator & Standard San. Corp., Ky., 278 S.W.2d 721. On the issue raised the rule is well stated in the case of Hendricks v. Kentucky & Virginia Leaf Tobacco Co., 312 Ky. 849, 229 S.W.2d 953, in this language:

"In the liberal interpretation and application of the Workmen's Compensation Law, KRS 342.001 et seq., it has generally been regarded that a workman is entitled to his benefits even though his disability would not have resulted or would not have been as great if he had been whole and well or not already handicapped by some physical infirmity."

Wherefore, the judgment is affirmed.