INLAND STEEL COMPANY, Appellant,

v.

Jacob JOHNSON et al., Appellees.

Court of Appeals of Kentucky.

June 24, 1960.

Howard & Francis, Prestonsburg, for appellant.

C. W. Napier, Hazard, for appellees.

CLAY, Commissioner.

In this workmen's compensation case the circuit court reversed an order of the Board denying appellee, the employee, compensation for an alleged injury. The controlling question before us is whether there was substantial evidence to support the ruling of the Board.

The Board found that the employee was totally disabled by reason of a "defective" disc in his spinal column. It determined, however, that the employee had failed to establish his disability arose from an accident while employed by appellant.

There was a sharp issue of fact as to whether or not appellee suffered an injury from an accident which he claims took place on November 5, 1956. His story and that of a fellow worker would appear unassailable except for the subsequent course of events. The following day he went to a doctor and was given a "shot." Two days later he returned to work but did not finish out the day. On November 12 he entered the hospital where his ailment was diagnosed as flu and bronchitis. He stayed in the hospital five or six days, but according to the attending doctor and the hospital records, was not treated for an injury to his back.

On November 23 he was given a return-to-work slip which recited he had been treated for "flu and bronchitis." It made no mention of an injury or treatment for an injury. Appellee thereafter worked regularly at his same job for over two months, when he was laid off because of a reduction in the labor force. Not until May, 1957, was appellant given any formal notice that appellee was claiming compensation for an injury which he allegedly received on November 5.

The company doctor who treated him between November 12 and November 23 testified appellee gave no history nor made complaint about an injury to his back resulting from an accident. The mine foreman and the assistant mine foreman, who were the immediate supervisors of appellee, testified that they were not advised by appellee or anyone else that he had suffered an accidental injury. When appellee discussed his discharge with the personnel manager of appellant (about January 25, 1957) he said nothing to the manager about having an accident or an injury, nor did he claim workmen's compensation. It may be pointed out that appellee was qualified for mine foreman and was familiar with the necessity of reporting accidents and the method of obtaining compensation.

As before mentioned, there is in this controversy a basic issue of fact as to whether or not appellee was injured in an accident while working for appellant. The record of his treatment while he was admittedly sick or unable to work, the testimony of the doctor who treated him, and the testimony of appellant's supervising employees constitutes material proof that the accident did not occur. In addition, appellee's own employment conduct is inconsistent with the serious injury he claims to have suffered on November 5. Appellee contends that the only evidence contradicting his story is "negative" and is therefore entitled to very little weight. However, under the circumstances shown, appellant's evidence has a positive significance. Certainly it had sufficient substantial force to support the finding of the Board. Therefore we must uphold its or-

 

der. Abbott v. Grissom-Rakestraw Lumber Company, Ky., 279 S.W.2d 227.

The judgment is reversed with directions to confirm the order of the Workmen's Compensation Board.