**Jesse J. ROWLAND, Appellant,**

v.

**GEARY–WRIGHT TOBACCO COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

March 24, 1961.

John S. Deering, Nicholasville, for appellant.

McCann, Sledd & McCann, Lexington, for appellees.

PALMORE, Judge.

Having been awarded compensation in 1956 for total temporary disability resulting from a back injury on December 31, 1955, the appellant, Jesse Rowland, in 1957 applied to the Workmen's Compensation Board under KRS 342.125 for increased benefits on account of a change in condition. On the basis of testimony introduced by both parties, together with the record of the 1956 proceedings, the referee found total permanent disability resulting from the

injury of December 31, 1955, and made an award on that basis. Following a petition for review this award was set aside by an order of the full board dismissing the motion to reopen. This appeal is from an order of the Fayette Circuit Court dismissing appellant's petition for a review under KRS 342.285.

Rowland had suffered back trouble from injuries at work for other employers in 1947 and 1952. His medical witness, Dr. Marion Brown, had not been given this history at the time he testified in 1956, and it was then his opinion, founded largely on subjective symptoms, that the patient probably had a protruded intervertebral disc resulting from the accident and was temporarily disabled. Medical witnesses for the employer, however, were of the opinion that he had a degenerative disc disease with a "possible protrusion without rupture of the nucleus, aggravated by a strain on December 31, 1955," and that he had recovered from the effects of the strain but the degenerated disc would never heal.

At Dr. Brown's advice an exploratory operation was performed in April 1957 and it was found that the disc was not protruded or ruptured, but was degenerated. The disc was left intact and a laminectomy was performed, fusing the 4th and 5th lumbar vertebrae to the sacrum. Following this operation it appeared that Rowland was 100% permanently disabled from hard labor involving the use of his back, and the application for increased compensation was filed. Dr. Brown admitted that his diagnosis still did not include any history of injuries previous to December 31, 1955, but held to the opinion that "it is still a reasonable medical probability that the injury of December, 1955, even if he had severely sprained or strained a previously weakened disc, still sounds as if that were the thing that disables him."

Opposed to the opinion of Dr. Brown thus quoted, Dr. Thomas D. Yocum, who had treated Rowland prior to the 1956 hearing and had again examined him before appearing as a witness in the present proceeding, testified as follows:

"Q. 51. On the basis of your examination, you determined that the last injury was not of enough severity to result in his present condition?

"A. Yes.

"Q. 52. That is still your opinion today?

"A. Yes."

Though appellant's case has been practiced with considerable industry, we have had some difficulty in identifying the precise theory on which his appeal is prosecuted, except simply that under the law and evidence the board was wrong and the referee right. It seems clear, however, that the fundamental issue in the reopening proceeding was whether the permanence of his disability resulted from the 1955 injury or the pre-existing condition. There was no evidence to authorize an apportionment on the theory that the residual disability was caused by a combination of the two factors.

The Workmen's Compensation Board found that the appellant had not met the burden of proving that his change of condition resulted from the injury of December 31, 1955. That finding is categorically supported by the opinion of Dr. Yocum. A choice between conflicting medical opinions is a finding of fact. Terry v. Associated Stone Co., Ky.1960, 334 S.W. 2d 926, 928. It has been said many times by this court that on questions of fact its judgment cannot be substituted for that of the board if the latter is supported by substantial evidence of probative value. See City of Prestonsburg v. Gray, Ky.1960, 341 S.W.2d 257, 260; Inland Steel Co. v. Johnson, Ky.1960, 336 S.W.2d 581, 582; and cases collected under Workmen's Compensation, ☞1939, West's Kentucky Digest.

The judgment is affirmed.