Jerry W. Nall, Vaughn, Nall & Stephens, Owensboro, for appellant.

John S. Moremen, Louisville, Robert Matthews, Atty. Gen., Frankfort, for appellee.

**Jay ROBERTS, Appellant,**

v.

**OWENSBORO MILLING COMPANY and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Oct. 29, 1965.

Rehearing Denied March 18, 1966.

WADDILL, Commissioner.

This appeal questions the correctness of a finding by the Workmen's Compensation Board that the appellant, Jay Roberts, is not disabled due to an accident arising out of his employment with the appellee, Owensboro Milling Company.

Prior to August 31, 1962, Roberts had been employed by the Milling Company about 15 years. He was then 49 years of age and his duties included, among others, the carrying of heavy feed sacks up and down several flights of stairs. On August 31, 1962, Roberts and other employees were working very strenuously and immediately after running up three flights of stairs,

Roberts experienced nausea and sharp pains which emanated from his chest. He rested a few minutes and then resumed his work.

Three days later while working at home in his garden, Roberts again experienced chest pains and then lost consciousness. He was hospitalized and has been physically unable to return to work at the Milling Company since that time.

A claim for compensation benefits was filed by Roberts against the Milling Company. After a hearing the Board made, in pertinent part, the following findings:

"* * * The plaintiff has coronary artery disease of arteriosclerosis of long-standing from which he is totally and permanently disabled. * * *. The plaintiff did not sustain an injury or disability as a direct result of the incident of August 31, 1962, and his diseased condition is not work-connected. * * *."

Thereupon the Board rejected Roberts' claim for compensation benefits. On appeal to the circuit court the Board's order was upheld on the ground that it was supported by the evidence.

Roberts appeals to this Court contending that the Board's order should be set aside because the evidence establishes that his disability is the result of the work-connected accident on August 31, 1962.

Dr. Barney Elliot, a general practitioner, testified that as a result of his examination he found that Roberts had angina, emphysema, arthritis and hypertension. It was his opinion that Roberts' exertion in performing his duties August 31, 1962, was the precipitating cause of his being disabled. Dr. Lee Tyler, Roberts' family physician, did not consider Roberts' heart condition disabling and Dr. Robert Hast, a cardiologist, testified that "* * * none of his complaints are connected with his employment."

Whether Roberts' disability stems from an injury sustained in his employment is a fact question. The weight to be given evidence in deciding questions of fact is to be determined by the Board. Rowland v. Geary-Wright Tobacco Co., Ky., 344 S.W. 2d 824. The Board accepted the evidence introduced in behalf of the company rather than the evidence introduced for Roberts. Hence Roberts lost his case before the Board for failure to sustain his burden of proof and he loses it here because he is not entitled to win it as a matter of law.

The judgment is affirmed..

MOREMEN, C. J., not sitting.