**Bill SANDERSON, Appellant,**

v.

**SECREST PIPE COATING COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

March 26, 1971.

Louis V. Mangrum, Mayfield, for appellant.

James L. Hardy, Terrell, Schultzman & Hardy, Paducah, for appellees.

CLAY, Commissioner.

In this workmen's compensation case the appellant employee was given a compensation award for approximately 10 months' temporary total disability but was denied permanent disability benefits. On appeal to the circuit court the award was confirmed. He contends here that the decision of the Workmen's Compensation Board was "clearly erroneous" because the proof established total permanent disability.

Appellant was a day laborer and injured his knee while working. His doctor's diagnosis was:

"* * * a possible injury to the medial miniscus, left knee, possible rupture, with considerable atrophy to the leg."

His doctor recommended treatment exercises consisting of flexing the knee with weights attached. Upon being examined three months later, his doctor made this report:

"The symptoms referable to the medial meniscus have subsided now. There was no pain, soreness or periarticular reaction about this knee, and no effusion of the joint. The patient was complaining of some pain in the popliteal space and suprapatellar pouch. This appears to be of little consequence. He was advised that if he will take his exercises well, he should clear up satisfactorily. He was re-instructed in these exercises, still leg weight resisting type. *The patient admits that he has not been taking his exercises as he was instructed.*" (Emphasis added)

He was again examined by this same doctor three months later, and the doctor testified the knee appeared normal and the only thing he could find was "marked atrophy". This physician said it was obvious appellant had not been taking his exercises but that was the only treatment that would result in his rehabilitation. This doctor was of the opinion that appellant was malingering and was not trying to build up his leg to overcome the weakness in his knee. Another physician examined him about a month later and his report recites:

"I do not anticipate any severe permanent functional impairment in this individual and I would recommend that he return to work and take some pain medication to diminish the symptoms in his left knee."

KRS 342.035(2) provides in part:

"No compensation shall be payable for the death or disability of an employe if his death is caused, or if and in so far as his disability is aggravated, caused or continued, by an unreasonable failure to submit to or follow any competent surgical treatment or medical aid or advice."

The Board chose to believe the medical testimony hereinabove referred to and determined that appellant should have had a full recovery if he had pursued the prescribed program of exercises.

Appellant relies on his own testimony and that of another doctor which tended to prove that he was taking those exercises and that the swelling of his knee caused continuing disability. However, the Board

was confronted with an issue of fact about which there was conflicting testimony. The evidence favorable to appellant's claim of compensable permanent disability was not so strong as to compel such a finding, and under the circumstances there is no basis upon which we may disturb the award. See Rowland v. Geary-Wright Tobacco Company, Ky., 344 S.W.2d 824 (1961); Belknap Hardware & Manufacturing Co. v. Brown, Ky., 402 S.W.2d 848 (1966); Hunter v. Turner Elkhorn Mining Company, Ky., 455 S.W.2d 571 (1970).

The judgment is affirmed.

All concur.