Luten FRENCH, Appellant,

v.

ASHBY VENEER & LUMBER CO., Appellee.

Court of Appeals of Kentucky.

April 2, 1971.

**250** ▪

Warren & Warren, Fulton, H. W. Roberts, Clinton, for appellant.

Wesley G. Gatlin & George R. Effinger, Boehl, Stopher, Graves & Deindoerfer, Paducah, for appellee.

CULLEN, Commissioner.

The Workmen's Compensation Board awarded Luten French compensation for ten percent permanent partial disability arising from an accident in the course of his employment as an unskilled laborer. French appealed to the circuit court, claiming that he was entitled to an award for total permanent disability. The circuit court entered judgment upholding the order of the board, from which Luten has appealed to this court.

French's injury consisted of a compression fracture of the fourth lumbar vertebra. The medical evidence was that the fracture had healed, but French said that he suffered such pain when he attempted to work that he was unable to do anything but light work, and his personal physician testified, solely on the basis of French's subjective complaints, that French was unable to do heavy work.

At the request of the employer French was examined three times, over a period of six months, by an orthopedic surgeon. He testified that at the time of his last examination French was fully capable of returning to his regular employment, except that for a few weeks he would suffer some pain as his muscles were reconditioning and gaining strength; that had French taken the exercises recommended by the surgeon when he first examined French, the muscles would have been fully rehabilitated by the time of the surgeon's last examination; that there was nothing wrong with French except the muscle weakness that had developed from his period of idleness while the vertebra was healing; and that it would be beneficial to French to return to strenuous physical activity.

▪ The board chose to accept the testimony of the orthopedic surgeon, and of course it was entitled to do that. With this testimony before it the board was not required to find that French had more than ten percent permanent disability. Cf. Sanderson v. Secrest Pipe Coating Company, Ky., 465 S.W.2d 65.

The judgment is affirmed.

MILLIKEN, C. J., and EDWARD P. HILL, Jr., NEIKIRK, PALMORE, REED and STEINFELD, JJ., concur.